F. M. STIPP v. J. A. BAILEY and ALICE BAILEY, Appellants.—53 S. W. (2d) 872.

Division One, October 22, 1932.

*O. R. Puckett* for appellants.

*James M. Tatum* for respondent.

GANTT, J.—An appeal to the Springfield Court of Appeals from an order of the circuit court overruling a motion to revoke an order appointing a receiver. That court transferred the case to this court. In doing so it said:

"The appointment was made ancillary to the original cause of action, which was a suit (under our statute) to quiet title to said real estate. We believe this appeal should be transferred to the Supreme Court. Since the Act of 1895 (Laws of Mo. 1895, p. 1) appeals have been allowed from any, 'order refusing to revoke, modify, or change an interlocutory . . . order appointing a receiver or receivers.' Said Act, now Section 1469, Revised Statutes Missouri 1919, further provides that the 'Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket.' The Supreme Court has assumed jurisdiction, in such cases, by virtue of said statute. [Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122; State ex rel. v. Bank, 197 Mo. 574, 94 S. W. 953; Glover v. Bond Investment Co., 138 Mo. 408, 40 S. W. 110; Merriam v. Ry. Co., 136 Mo. 145, 36 S. W. 630.]

"For that reason and the further reason that title to real estate is involved, the cause should be transferred to the Supreme Court." [Stipp v. Bailey, 22 S. W. (2d) 178.]

█ We did not assume jurisdiction of the cited cases by virtue of said statute. An appeal to the court having appellate jurisdiction is allowed by said statute from an order refusing to revoke an order appointing a receiver. The statute then directs this court to summarily hear and determine appeals from such orders and directs that such cases be advanced on the docket. [Sec. 1018, R. S. 1929.] The appellate jurisdiction of this court does not clearly appear on the face of the opinions in the cases cited by the Court of Appeals. Of course it should so appear. In those cases we review orders of the court refusing to revoke orders appointing receivers and said opinions indicate that we assumed jurisdiction under the statute fixing jurisdiction by the amount in dispute. It must be assumed that the records in those cases fixed appellate jurisdiction in this court. Neither the cases nor statute cited by the Court of Appeals authorize this court to assume jurisdiction of this appeal.

██ And we do not think the title to real estate is involved in this record. The petition in the suit to quiet title is conventional. The answer admits defendants are in possession, claiming to be owners, and defendants join with plaintiff in asking the court to determine the interests of the parties. On motion of plaintiff and after hearing evidence, the court appointed a receiver and made an order authorizing and directing him to take charge of, care for and manage the real estate pending litigation.

Defendants filed a motion to revoke said order. The motion was overruled and defendants appealed from the ruling on said motion. A review of that ruling in no way involves title to the real estate. But the appointment was made ancillary to a suit involving title. Even so, does it follow that this court has jurisdiction of this appeal? We do not think so. Defendants were not compelled to appeal from the interlocutory judgment refusing to revoke the order appointing a receiver. The statute under consideration (Sec. 1018, R. S. 1929), after authorizing appeals from certain interlocutory judgments, provides as follows: " . . . But a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." Thus it appears that he defendants on the adverse ruling of the court on their motion to vacate had the right to save exceptions by a term bill, await final judgment and bring the whole case here for review. But they did not avail themselves of that right. On the contrary they exercised their right of appeal from the interlocutory judgment.

In doing so they treated said judgment as final, destroyed its interlocutory character and made of the proceeding a separate case. In Padgett v. Smith, 206 Mo. 303, l. c. 312, 103 S. W. 943, we said:

"It has been held that an interlocutory judgment in partition, unappealed from, remains interlocutory in character and within the supervision of the court until final judgment at a subsequent term. [Aull v. Day, 133 Mo. 337; Ess v. Griffith, 128 Mo. 50.] It was argued in the Aull case and the Ess case that the mere statutory right to an appeal from an interlocutory judgment, though unused, changed the interlocutory character of such judgment into a final one; but that argument was disallowed and it was held that the unexercised, naked right to appeal from such judgment left the judgment interlocutory in character. But the situation changes when an appeal from such order is taken and the judgment is affirmed here."

It follows that we are not authorized to assume jurisdiction of this appeal because the title to real estate is involved in the main suit.

And the amount in dispute does not fix appellate jurisdiction in this court. In Bates v. Werries, 196 S. W. 1124, 1126, the question of appellate jurisdiction where a temporary receivership was ordered pending the litigation was considered, and we said:

"Where the judgment affects merely the temporary control of property, as contra-distinguished from the permanent divestiture of title thereto, the amount in dispute should be the financial value of such control, or loss of control, as the case may be, and not the value of the property controlled."

It does not appear, nor can it be inferred from this record, that the amount in dispute exceeds $7,500. The record of the trial court must affirmatively show that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500 exclusive of cost. [Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613.]

The case should be remanded to the Springfield Court of Appeals. It is so ordered. All concur.