J. N. BURROUGHS, Appellant, v. S. R. LASSWELL and J. I. LASSWELL. —79 S. W. (2d) 107.

Division One, February 8, 1935.

*Geo. T. Humphries* and *H. D. Green* for appellant.

*Hiett, Lamar & Covert* and *M. E. Morrow* for respondents.

FERGUSON, C.—This suit was originally filed in the Circuit Court of Howell County in February, 1930. At the June Term, 1930, of that court defendants appeared and filed a joint demurrer to the original bill or petition. Afterwards, upon application of defendants,

the venue of the cause was changed to the Circuit Court of Ripley County and thereafter, in December, 1930, the cause was sent, upon application of plaintiff, to the Circuit Court of Texas County. On the first day of June, 1931, plaintiff filed an amended petition in that court. On June 2, 1931, defendants filed a joint demurrer thereto which was, by the court, sustained on June 6, 1931; plaintiff refused to further plead, judgment was entered for defendants and plaintiff appealed. The appeal was sent to the Springfield Court of Appeals but that court transferred the cause here on the ground that the "amount involved herein exceeds the jurisdiction" of the Court of Appeals.

■ No other ground of our appellate jurisdiction being present it appears that if we have jurisdiction of the appeal it is solely on the ground that the "amount in dispute," exclusive of costs, exceeds the sum of seventy-five hundred dollars. Section 12, Article 6; Section 3, Amendment 1884, Constitution of Missouri and Section 1914, Revised Statutes 1929. While our jurisdiction has not been challenged by the parties nevertheless it is our first duty to inquire and determine whether we have jurisdiction and, as we have repeatedly said, jurisdiction of an appeal cannot be conferred by acquiescence of the parties. "Speculation or conjecture as to the amount in dispute cannot be indulged in for the purpose of determining jurisdiction. . . . It must affirmatively appear from the record in the cause." [City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d) 658, and cases there cited; Consolidated School District v. Gower Bank (Mo. App.), 53 S. W. (2d) 280; Stipp v. Bailey, 331 Mo. 374, 53 S. W. (2d) 872.] The amended petition, to which the demurrer was sustained, constitutes the record to which we must look in this instance and unless it affirmatively appears therefrom that the amount in dispute, exclusive of costs, exceeds the sum of seventy-five hundred dollars we do not have jurisdiction of this appeal. This requires a general summary of the petition.

It appears from the petition that the defendants S. R. Lasswell and J. I. Lasswell are brothers. The petition first alleges, that "on the ―― day of ――――, 1927," plaintiff and the defendant, S. R. Lasswell, "were as co-partners the owners of an oil and gas lease and of an oil well on" each of two separately described tracts of land in Okmulgee County, Oklahoma; "that in pursuance of their agreements made prior to the date aforesaid plaintiff and the said S. R. Lasswell did acquire a lease" on said lands "and did by their joint means, labor and efforts develop an oil well on each of said tracts and put the same in a state of production and, so long as the same were producing oil, the output was sold to the Prairie Oil and Gas Company;" that "prior to the filing of this action the said oil wells had ceased to produce oil, but there was located on the said lands certain personal property, consisting of casing, tubing,

jacks, pump engines, oil tanks, water tanks and other machinery, appliances and equipment used on and about said leases, all of which belonged to and was the property of said co-partnership;'' that ''said property was of the value of $4000;'' that ''the defendants conspiring and contriving together to cheat and defraud plaintiff and to deprive him of his interest in said property and his rights to have the same held and administered as the property of the said partnership, took charge of all of said property and converted same to their own use;'' that ''in further pursuance of the joint wrongs, frauds and conspiracies of defendants to cheat and defraud the plaintiff out of all his rights and interests in and to said partnership property and the proceeds and income therefrom defendants executed and delivered to the Prairie Oil and Gas Company a joint division order which authorized and directed payment of all sums due on the working interest from said wells and leases to J. I. Lasswell; that as a result of said fraudulent division order oil to the value of $4000 has been sold by defendants to the Prairie Oil and Gas Company, the whole of which sum belonged to the said co-partnership; that through the joint wrongs, frauds and conspiracies aforesaid, the defendants have succeeded in collecting the sum of $4000 from the oil company which said sum defendants have converted to their own use and benefit;'' that ''there is now a balance due from the Prairie Oil and Gas Co., on oil produced from said leases of about $1100 and the defendants have suit now pending in the District Court of Okmulgee County, Oklahoma, in the name of J. I. Lasswell and against the Prairie Oil and Gas Company to compel payment to him of said sum.'' As shown by the foregoing, plaintiff charges that the defendants have fraudulently appropriated and converted to their own use certain personal property of the copartnership of a value of $4000 and the sum of $4000 in money collected, being the proceeds from the sale of oil owned by the copartnership, and that they are attempting by an action at law pending in an Oklahoma court to collect a further sum of $1100 for oil owned by the copartnership and which had been sold to the Prairie Oil & Gas Company. The petition next alleges certain facts and conditions purporting to show that ''plaintiff is wholly without adequate remedy at law and would suffer irreparable injury and loss if defendants should be permitted to prosecute said action in Oklahoma and that he is entitled to have the defendants permanently restrained and enjoined from prosecuting said action.'' Continuing the petition avers that ''by the joint frauds and the wrongful conduct of defendants . . . the partnership relation and business of plaintiff and defendant S. R. Lasswell'' has been destroyed, ''is in effect dissolved and at an end'' and that ''there only remains an accounting and settlement between plaintiff and S. R. Lasswell on the matters and things aforesaid to wind up the affairs of said

co-partnership for which both defendants are accountable to plaintiff for his interest therein." The prayer of the petition is that plaintiff have "judgment against the defendants for his interest in the said personal property and the moneys collected from the Prairie Oil and Gas Company, in the total sum of $8000," and an injunction restraining the prosecution by defendant J. I. Lasswell of the action in Oklahoma for the collection of the $1100 alleged to be due from the Prairie Oil & Gas Company for oil owned by the copartnership and sold to that company and "that said sum be adjudged money of the co-partnership." The total value of the property of the co-partnership in which plaintiff claims some interest is thus fixed at $9100.

Plaintiff sues and asks judgment for an undetermined and undefined interest in property and money of an aggregate value of $8000 and to have the $1100 due from the oil company adjudged to be partnership property and that he be adjudged to have the same interest therein but the value or amount of that interest is not alleged nor does it appear. Without comment or discussion concerning the propriety or form of the proceeding, under the facts stated, or whether a cause of action is stated by the petition but even assuming that the partnership had been "in effect dissolved," that all partnership debts and obligations had been paid and discharged, that the personal property described and the sums stated as being due the partnership for oil sold, constituted unincumbered partnership property and assets and that all that remained to be done to finally terminate the partnership was to divide same between the two partners according to their respective interest therein, and apparently it is only that interest the plaintiff sues to recover, nevertheless it does not affirmatively appear from this petition, nor can it be inferred, that the value of such interest exceeds seventy-five hundred dollars and as stated, supra, we cannot, in order to take jurisdiction of the cause, indulge in speculation or conjecture that it might or would do so.

As the record fails affirmatively to show that the amount in dispute, or involved, exceeds $7500 or any other ground conferring jurisdiction on this court the cause is transferred to the Springfield Court of Appeals. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur, except *Coles, J.,* not sitting.