In The Matter of the Estate of SARAH W. FLYNN, Deceased, LAWRENCE C. FLYNN, Petitioner, v. WILLIAM B. KINEALY, Trustee, and WINIFRED BRYAN, Residuary Legatee, Appellants.—92 S. W. (2d) 671.

Division One, March 10, 1936.

*William B. Kinealy* and *C. L. de Renthel* for appellants.

*Geers & Geers* for respondent.

FERGUSON, C.—This proceeding originated in the Probate Court of the City of St. Louis in connection with the administration of the estate of Sarah W. Flynn, deceased, who died testate June 11, 1931. It was commenced by the filing of a petition or application in that court, to the December Term, 1932, by Lawrence C. Flynn, the widower of Sarah W. Flynn, deceased, praying the probate court to require the executor "to file an accounting and to make partial distribution of said estate and to pay to petitioner $500 as part of his distributive share under the statute." The petition was contested but upon a hearing a judgment was entered in favor of petitioner Flynn ordering the executor to pay him the $500 in partial distribution of the estate. William B. Kinealy, trustee under the will of Sarah W. Flynn and Winifred Bryan, one of the residuary legatees named in the will, appealed from the order and judgment of the probate court. Upon a hearing or trial of the matter, on appeal, in the Circuit Court of St. Louis a finding and judgment was entered denying Flynn's petition. The petitioner's motion for a new trial was sustained and a new trial ordered, but the court did not specify of record the ground or grounds upon which the new trial was granted. Kinealy, the trustee, and Bryan, one of the residuary legatees, in the will, who had taken the appeal from the probate court, appealed from the order of the circuit court granting a new trial. Their appeal was sent to this court.

A question arises as to our jurisdiction of the appeal in order to determine which we state the facts and situation shown by the record herein. Sarah W. Flynn died June 11, 1931, testate, "without any child or other descendants in being capable of inheriting." Her

husband, the petitioner herein, Lawrence C. Flynn, survived her. The will of Sarah W. Flynn was admitted to probate on the 22nd day of June, 1931, and letters testamentary were granted to William B. Kinealy (her brother) who was named as executor therein. Paragraphs one to six, inclusive, of the will direct and make bequests as follows; that her just debts be paid; that $150 be paid to "Father Baker's Home for Children;" that her executor "pay $300 for masses;" a bequest of all her "household furnishings, clothing and jewelry and $1000 to her niece, Winifred Bryan; a bequest of $1000 to her grandniece, Winifred Bryan, Jr.; that $1000 to be set aside, "loaned at interest," and the income therefrom be used by the trustee named in the seventh paragraph "for the care of my pet dog and upon the death of said dog" said sum to become a part of the trust fund created by the seventh paragraph. By the seventh paragraph she devised and bequeathed "all the rest and residue of my estate, be it real, personal or mixed and wherever situated" to her brother William B. Kinealy (one of the appellants) "in trust . . . To hold, control, manage, invest and reinvest all or any part thereof, including the right to sell, mortgage or pledge and borrow money upon same, and pay the costs and expenses of managing the property and performing the trust, and to collect all of the rents, profits and income derived from the property and management of same, and pay over unto my husband, Lawrence C. Flynn, at such time as he wishes, the whole of the net income realized by the trustee during the continuance of this trust. . . . This trust shall continue during the life of my husband, and at his death this trust shall terminate and the trustee shall pay over to my brother William B. Kinealy the sum of One Thousand Dollars, and said trustee shall divide the remaining part of said trust fund, both principal and interest then on hand, into eight equal parts, and shall pay over and deliver two of said parts to each of my nieces, Winifred Bryan, Grace Pearson and Virginia Jackson, or their heirs *per stirpes,* and shall pay over and deliver one of said parts to my niece, Sarah Wentworth, and one of said parts to my grandniece, Patricia Kinealy." Kinealy was also named as executor of the will. Some of the estate was in the form of real property. As to the proportion thereof the record contains merely this statement appearing in the testimony of Kinealy: "The real estate was inventoried at $5800. The total value of the estate was something better than $20,000." Kinealy is a lawyer. He testified that within a day or so after the death of his sister, and at other times shortly thereafter, he advised her husband, Flynn, of his statutory rights and of his right to renounce the will and take under statute and discussed the matter with Flynn. Presumably this included the provisions of Section 324, Revised Statutes 1929, that "when a wife shall die without any

child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

It is Kinealy's contention that, knowing his rights, Flynn elected to take under the will as evidenced by his subsequent acts and conduct and is thereby estopped to claim under the provisions of Section 324, supra. Kinealy proceeded to administer on the estate and as trustee took charge of and went into possession of the real estate and collected the rentals thereon. It is admitted that Kinealy, acting under the seventh paragraph of the will, remitted to Flynn, and that Flynn received and retained, the net amount of the monthly rentals of the real estate for the preceding month on the first day of each month, commencing on July 1, 1931 (Mrs. Flynn died June 11, 1931) and continuing to and including February 1, 1932, a total of $257.75. In addition Kinealy each time remitted $5 the monthly income on the $1000 set aside for the care of the pet dog. Flynn took care of the dog and received and accepted that money for that purpose aggregating $40. On March 31, 1932, Flynn filed a written renunciation of the will in the office of the Recorder of Deeds for the City of St. Louis, and in the probate court for the City of St. Louis, on April 1, 1932. The renunciation is not in the record and the content and extent thereof does not appear. The testimony is merely that a renunciation of the will was filed on the dates and at the places stated. Flynn refused to accept and returned Kinealy's check remitting net real estate rentals as of date of April 1, 1932. Thereafter, at the December Term, 1932, he commenced this proceeding by filing the petition or application herein in the Probate Court of the City of St. Louis. The petition recites, the death of Sarah W. Flynn on June 11, 1931; that petitioner is her surviving husband; the granting of letters testamentary to Kinealy as executor; the filing of a renunciation of the will; and concludes: "Your petitioner states that more than one year has passed since the granting of letters testamentary to William B. Kinealy as executor and moves the Court that the said William B. Kinealy as such executor be required to file an accounting and to make partial distribution of said estate and to pay to petitioner $500 as part of his distributive share under the statute." At the hearing, on appeal, in the circuit court Kinealy admitted of record: "We have on hand the money to pay the order of $500 . . . by way of partial distribution."

It is said in respondent's brief that the claim herein is based on Section 324, Revised Statutes 1929, supra. The issue on the merits is whether Flynn is entitled, by virtue of the statute, to receive the $500 sought in partial distribution of the personal prop-

erty or whether he elected to take under the will and is estopped to claim rights in the personal property conferred by statute. Therefore clearly title to real estate is not involved within the meaning of the constitutional provisions defining the appellate jurisdiction of this court. [Art. 6, Sec. 12, and Sec. 5 of Amendments of 1884, Constitution of Missouri.] Neither the judgment sought or rendered can or does directly affect or determine title, nor is title to real estate remotely an issue or in controversy. [Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771.] Such claim, if any, that Flynn may make of title or interest in real estate of which his wife died seized, by virtue of Section 324, Revised Statutes 1929, supra, was not, and is not, involved and cannot be determined or adjudicated in this proceeding but only in a proper suit for that purpose; such claim being dependent upon the showing made of compliance with the statutory requirements as to renunciation of the will and election to take under the provisions of said section. [See Colvin v. Davidge, 338 Mo. 576, 92 S. W. (2d) 667.]

Presumably the appeal was sent here on the theory that the amount in dispute gives this court jurisdiction as the record does not even remotely suggest any of the other grounds of our appellate jurisdiction. We suppose this is grounded on the assumption that one-half of the net personal estate exceeds $7500, the minimum of our pecuniary jurisdiction, and that the determination of petitioner's claim for $500 in this proceeding would necessarily determine his right to take one-half of the whole net personal estate under the statute invoked. To give this court jurisdiction of the appeal on that ground it must affirmatively appear from the record in the cause that the amount in dispute is in excess of $7500. [City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d) 658; Blankenship v. Ratcliff, 335 Mo. 387, 73 S. W. (2d) 183; Burroughs v. Lasswell, 336 Mo. 463, 79 S. W. (2d) 107.] We cannot apply the theory suggested above for ascertaining the amount in dispute for the record nowhere discloses the net amount of the personal estate. We noted the statement in Kinealy's testimony that "the total of this estate was something better than $20,000" and that "the real estate was inventoried at $5800." That is the sum of the testimony as to the value of the estate. According to this valuation the appraised value of the personal estate was $14,200 and that would not represent the net value, but one-half of that amount would be less than $7500, the minimum of our pecuniary jurisdiction. However "speculation or conjecture as to the amount in dispute cannot be indulged in for the purpose of determining jurisdiction." [City of Doniphan v. Cantley, supra.] Clearly the only amount in dispute which affirmatively appears from the whole record in this cause is $500.

As we do not have jurisdiction of the appeal herein the cause must be transferred to the St. Louis Court of Appeals. It is so ordered. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion of FERGUSON, C., is adopted as the opinion of the court. All the judges concur.