BESSIE G. ROSS and LILLIAN G. ROSS v. SPEED-O CORPORATION OF AMERICA, a Nevada Corporation, SPEED-O CORPORATION OF MISSOURI, a Corporation, SPEED-O CORPORATION OF AMERICA, a Missouri Corporation, ST. LOUIS LABORATORY, INC., a Corporation, JOHN H. VAN DEUSEN, OLGA S. VAN DEUSEN, D. P. McMURDY and FRED A. EPPENBERGER, Appellants.—121 S. W. (2d) 865.

Division One, November 19, 1938.

*Clarence M. Barksdale* and *J. C. Hopewell* for appellants.

*Gus O. Nations* for respondents.

FERGUSON, C.—This is an appeal from an order and judgment of the Circuit Court of the City of St. Louis appointing a receiver to take charge of the assets and affairs of the corporate defendants.

The suit is in equity by two minority stockholders. The bill or petition prays the court to suspend the individual defendants as officers and directors of said corporations, *pendente lite,* and appoint a temporary receiver "for said corporations, their records and assets." Order to show cause why such temporary receiver should not be appointed was issued and served and returns thereto made. Said returns averred, among other things, that the "petition does not state facts sufficient to constitute a cause of action as to entitle plaintiffs to the relief prayed for or any other equitable relief." "By consent of the parties, . . . the cause was passed (to a date fixed) to be tried on the returns to the order to show cause and on its merits." Thereupon each of the defendants answered. Plaintiffs dismissed as to defendant Eppenberger and on the date to which the cause had been passed it came on for trial "on the returns of the defendants to show cause and on its merits." At the conclusion of the trial a final judgment was entered appointing a receiver for the corporate defendants "and each of them" from which judgment defendants bring this appeal.

The petition alleges; "that Speed-O Corporation of America (a defendant) was incorporated by John H. Van Deusen and Olga S. Van Deusen (defendants) under the law of the State of Nevada, on September 23, 1930; that Speed-O Corporation of Missouri (a defendant) was incorporated under the laws of Missouri by John H. Van Deusen, Olga S. Van Deusen and J. C. Mayfield, March 26, 1931; that the name Speed-O Corporation of Missouri was changed to St. Louis Laboratory, Inc. (a defendant), on February 7, 1934, and Speed-O Corporation of America (a defendant) was incorporated by John H. Van Deusen, Fred A. Eppenberger and O. P. McMurdy (a defendant) under the laws of Missouri, on February 7, 1934; . . . that throughout all the existence of each of the above named corporations they have been under the domination and control of John H. Van Deusen and Olga S. Van Deusen; that said corporations were and are to all intents and purposes one and the same; that each of them was organized . . . for an identical purpose . . . particularly to engage in the manufacture and sale of a certain beverage called 'Speed-O,' each of them has its sole office and place of business at 2244 Klemm Street in the City of St. Louis . . . and each owns as its assets the identical property owned by the others, and each is controlled and managed . . . by John H. Van Deusen and Olga S. Van Deusen." Plaintiffs then allege "that they are owners of stock in each of said corporations." Following further allegations as to the organization of the first and second corporations mentioned it is alleged that the Van Deusens "intending fraudulently . . . to embezzle and convert to their own use the assets" of the second corporation, the Speed-O Corporation of Mis-

souri, "incorporated Speed-O Corporation of America under the laws of Missouri" and that in the articles of agreement, filed by McMurdy, Eppenberger and John H. Van Deusen as incorporators. and directors thereof, "the assets of Speed-O Corporation of America, of Nevada, Speed-O Corporation of Missouri and St. Louis Laboratory, Inc.," were listed as the property and assets of the Speed-O Corporation of America, the Missouri corporation; and in the articles of agreement so filed "for the purpose of incorporating Speed-O Corporation of America" (under the laws of Missouri) McMurdy, Eppenberger and John H. Van Deusen "represented and fraudulently pretended that said assets" listed therein "belonged to them . . . that the statements made in said articles of agreement . . . are false, that such persons are not and were not the owners" of such assets but that same belong to the Speed-O Corporation of America (of Nevada) and the Speed-O Corporation of Missouri and the St. Louis Laboratory, Inc.; that the Van Deusens "are engaged in wasting, embezzling and converting to their own use said assets" and unless the directors of said corporations be "removed" from office "the stockholders, including these plaintiffs, will lose all their right and interest in and to said assets and property of said corporations." Plaintiffs next allege that they have "made application to the Van Deusens for the right to inspect the records of said corporations, but that all such applications have been denied and ignored" and further charge that "John H. Van Deusen and Olga S. Van Deusen are now indebted to the corporations hereinbefore named, and each of them, for money, credits and assets which are the property of said corporations, but which were wrongfully and unlawfully appropriated by said defendants and converted to their own use." Continuing the petition states, "those acting as directors of said corporations should be required to account for their official conduct of the management and disposition of the assets . . . of the corporations" and "make restoration to the corporations and its (their) stockholders of the property which they have converted to their own use and misappropriated . . . as hereinbefore alleged; that said directors should be suspended and removed as officers of said corporations . . .; that said officers and directors should be restrained from alienating any of the property of said corporations; and that pending final determination hereof, the Court should appoint a temporary receiver to take charge of and marshall the assets and manage the affairs of said corporations, . . . and that unless said persons are so removed and the assets and properties of the plaintiffs are placed in the custody of a temporary receiver pending final judgment herein, these plaintiffs will be deprived of their rights as stockholders of said corporations and the records, assets and properties of the corporations will be entirely destroyed and a judgment herein

will be of no avail because thereof." The prayer of the petition is: "Wherefore, plaintiffs pray the Court for a judgment and decree removing defendants as officers and directors of said corporations, and providing an election by the stockholders for election of directors thereof, or if said corporations be insolvent and incapable of reorganization, decreeing a dissolution thereof; and, *pendente lite,* that said persons be suspended from office and restrained from in anywise removing, alienating or converting any of the assets of said corporations, or any of them; and appointing a temporary receiver for said properties and corporations, their records and assets, and for all further proper and necessary relief."

The court having heard the evidence made findings, that certain shares of (no par value) stock of the first corporation, Speed-O Corporation of America (a Nevada corporation) had been sold to J. C. Mayfield and Olga S. Van Deusen for less than the value thereof "at the time" and that Mayfield and Mrs. Van Deusen "are lawfully indebted to said corporation for the unpaid balance," but no judgment was entered therefor; and, that "Olga S. Van Deusen, president and director, has been wrongfully credited on the books of the corporation with large payments for which credits no justification appears," but no accounting thereof was made nor judgment thereon entered. The remaining findings are to the effect, "that the directors of defendant corporations have been guilty of misconduct in office," "have wrongfully disposed of the assets of the corporation" (evidently referring to the first corporation mentioned) "and have converted said assets and appropriated them to their own use," but no accounting therefor was prayed in the petition, nor required or made by the court nor was any judgment entered thereon. The judgment entered removed John H. Van Deusen and Olga S. Van Deusen "from office as directors and officers" of each of the three corporations and appointed a receiver "for said three defendant corporations." Said decree directs the receiver to "forthwith take into his possession all of the records, books, goods, property and affairs of defendant corporations, and each of them," and "proceed to collect all outstanding indebtedness of said corporations, including amounts due upon stock subscriptions of Speed-O Corporation of America (of Nevada);" and "as soon as practicable, after taking charge of said assets, prepare and file in court a complete statement of the assets of said corporations, and each of them, and of all bills and accounts receivable of said corporations; and all bills and accounts payable of said corporations and upon filing of such statement" to "apply to this court for such further orders respecting the disposition of said assets and the further execution of this order as may be or become necessary," etc.

·As noted plaintiffs allege in their petition, "that they are owners of stock in each·of·said corporations." The suit is, purportedly, one in equity by stockholders, on behalf of the corporations named, to redress wrongs to or against the corporations allegedly committed by the officers and directors, particularly the Van Deusens, and as bearing on that theory· the petition· charges the Van Deusens with mismanagement, embezzlement and conversion of the assets of the corporations to their own use and that they "are now indebted to the corporations, and each of them, for money, credits and assets which are the property of said corporations but which were wrongfully and unlawfully appropriated by" them "and converted to their own use." But the petition does not pray for an accounting or a money judgment, or any relief of that nature, against the Van Deusens or the other directors alleged to be wrongdoers, nor was an accounting required or taken by the court nor any money judgment entered. The judgment entered merely appointed a receiver for the corporate defendants, removed the Van Deusens from "office as directors and receivers and restrained them from interference with the receivers."

■ The question of our jurisdiction of the appeal arises. Presumably the appeal was sent here on the theory that the "amount in dispute" gives this court jurisdiction, as the record does not even remotely suggest any of the other grounds of our appellate jurisdiction. [Sec. 12, Art. 6, Constitution of Missouri.] The rule has been well settled by the decisions of this court that in cases, such as this, where relief other than recovery of a money judgment is sought that the amount in dispute is determined "by the value in money of the relief to the plaintiff (in this instance the value of the relief sought to the corporations in behalf of which the plaintiffs sue), or of the loss to the defendant, should the relief be granted, or vice versa." [Blankenship v. Ratcliff, 335 Mo. 387, 73 S. W. (2d) 183; Fleischaker v. Fleischaker, 338 Mo. 797, 92 S. W. (2d) 169; Joe Dan Market, Inc. v. Wentz, 321 Mo. 943, 13 S. W. (2d) 641; Consolidated School District v. Gower Bank (Mo.), 53 S. W. (2d) 280; In re Wilson's Estate, 320 Mo. 975, 8 S. W. (2d) 973.] And it must affirmatively appear from the record that the value in money of such relief "is in excess of $7500," which is the minimum of our pecuniary jurisdiction.

■ We find no basis whatsoever in the evidence, or the record ·as a whole, for estimating or determining the value in money of the relief sought or granted. Our holding in Bates v. Werries (Mo.), 196 S. W. 1124, seems pertinent here. In that suit charges of mismanagement and misappropriation of money and property of the defendant corporation (a coal company) were made against defendant directors. The petition prayed, an accounting and money judgment, that defendant directors be "ousted" from office, that a certain contract be cancelled, that title to certain shares of stock in the corpo-

ration be determined and that a receiver for the corporation be appointed "until this litigation is finally determined." The circuit court appointed a receiver *pendente lite.* Later a trial on the merits was had and the trial court entered its decree and judgment "in favor of plaintiffs for some of the relief prayed." A money judgment aggregating $1230.25 was entered in favor of the corporation and the following other relief granted; (1) adjudication as to title of certain shares of stock was made; (2) the directors of the corporation were removed from office; (3) the contract mentioned was cancelled; and (4) "the receiver already appointed" was continued and directed "to operate the mine temporarily, and collect debts due the company and make reports . . . at each regular term" of the court "until further order of the court." Defendants' appeal came to this court. We held that we did not have jurisdiction of the appeal. The opinion points out that the amount of the money judgment entered was not sufficient to give this court jurisdiction and that the proof did not show any "definite value" of the relief granted in connection with the shares of stock, or a "definite value" of the contract ordered cancelled and that the proof did not show that the ousted directors "received any compensation for acting as directors." (In the instant case the proof definitely shows that the removed directors did not receive any compensation for their services as directors). Continuing the opinion (Bates v. Wherries) says: "The only remaining item is the order appointing the receiver. It must be borne in mind that this is not the usual receivership case wherein all the assets of the company are ordered turned over to the receiver for the purpose of sale and for distribution of the proceeds, but the appointment is merely *pendente lite.* . . .

"What is the financial loss to the appellant coal company, resulting from the appointment of the receiver for the purposes shown in this case? The very purpose of the appointment is to conserve rather than to take away from the company any of its assets. Under such circumstances, we cannot say that the appointment of the receiver is any financial loss to the company. If it is not a financial loss to the company, then it cannot be said to supply any 'amount in dispute' within the meaning of that term as applied to appellate jurisdiction.

"Where a judgment affects merely the temporary control of property, as contradistinguished from the permanent divestiture of title thereto, the amount in dispute should be the financial value of such control, or loss of control, as the case may be, and not the value of the property controlled. This position is, we think, amply sustained by the authorities." (Citations.) The foregoing case, which, we think, rules the question of jurisdiction in the instant case, was cited with approval in Stipp v. Bailey, 331 Mo. 374, 53 S. W. (2d) 872;

506

also an appeal from an order appointing a receiver wherein it was held this court did not have jurisdiction of the appeal.

No ground of our appellate jurisdiction appearing, the cause must be transferred to the St. Louis Court of Appeals. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

.. PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.