WILLIAM ROBINSON ET AL. v. JOHN P. NICK ET AL., Defendants, WILLIAM F. CANAVAN ET AL., Appellants.—134 S. W. (2d) 112.

Court en Banc, November 17, 1939.

306

*Paul Dillon* and *Sigmund M. Bass* for appellants-defendants.

*Grimm, Mueller & Roberts* for appellants-interveners.

*Roessel & Minton* and *Raymond M. Freed* for respondents-plaintiffs.

DOUGLAS, J.—This is an appeal from an order of the Circuit Court for the City of St. Louis refusing to revoke the appointment of a temporary receiver.

The plaintiffs are some of the members of the St. Louis Moving Picture and Projecting Machine Operators' Union, Local No. 143 of St. Louis which is a labor union holding a charter from the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada. The defendants, Nick and Weston, who are the only defendants now in the case, are an officer and representative respectively of the International Alliance and were in full and complete charge, control and domination of the affairs and members of Local 143.

The petition alleges that the defendants have conspired to deprive plaintiffs of their membership rights in such local and of their interests in its properties by refusing to permit the members to hold meetings, to elect officers and to have the accounts audited. The petition charges defendants with misappropriating the funds of the local. The defendants are also charged with usurping, by intimidation and coercion, control over membership in the local and arbitrarily and wrongfully admitting to membership undesirable persons possessing police records.

The relief prayed includes the ousting of the defendants and for an order for an election of officers to be held in compliance with the constitution of the local. An accounting is asked as well as the appointment of a receiver to take charge of the affairs and assets. An injunction restraining interference by defendants is also demanded.

An order to show cause was issued to which defendants Nick and Weston made return alleging in effect that they were properly and lawfully put in charge of the local and denying the charges of the petition. Members of the local were permitted to intervene in the case, and they filed a pleading in which they asserted confidence in their national organization, denied the allegations of plaintiffs' petition and asked that it be dismissed. A hearing was had on the order to show cause at which all parties were represented. Testimony was heard on the part of the plaintiffs. The other parties offered no testimony. An interlocutory order was entered appointing a receiver and enjoining Nick and Weston from interference. Motions seeking the revocation of the order appointing the temporary receiver and for

308

a new trial were filed and overruled and defendants and interveners have appealed.

■ Although not raised by any of the parties the question of our jurisdiction in this case obtrudes itself. It is the intransigent duty of this court first to determine whether a case falls within its jurisdiction as limited by the Constitution and to do so *sua sponte.* We must stay within our jurisdictional limits and not transgress beyond them into the limits of a Court of Appeals. This rule has been repeated too many times to require a citation of authorities.

Section 12 of Article VI of the Constitution is precise in conferring jurisdiction on this court. This section serves as a limitation as well as a grant. From an examination of the record it is obvious that we have no jurisdiction of this case unless it be because of the amount involved or because of the presence of a constitutional question, that is one "involving the construction of the Constitution of the United States or of this State."

■ If we have jurisdiction because of the amount involved, such amount must affirmatively appear to be in excess of $7500. The petition alleges that the plaintiffs have a right in the funds of the local but does not attempt to evaluate such right. It further alleges that the plaintiffs have a right in a sum amounting to $45,000 held by a benevolent corporation for the benefit of the members of the local, but again does not set out the extent of plaintiffs' right. Moreover, no express money judgment is prayed so as to indicate the amount in dispute, if there be an amount in dispute. It appears that only the custody of the funds is the subject of dispute as evidenced by the prayer for a temporary receiver. We have held where the judgment affects merely the temporary control of property as distinguished from the permanent divestiture of its title, the amount in dispute should be the financial value of such control, or loss of control as the case may be, and not the value of the property controlled. [Bates v. Werries (Mo.), 196 S. W. 1124; Ross v. Speed-O Corporation of America, 343 Mo. 500, 121 S. W. (2d) 865.] The value of such control nowhere appears. We have no jurisdiction because of the amount in dispute.

The record shows some references to constitutional questions. However, they must be live ones, timely raised and of a character which properly invests this court with jurisdiction.

■ The plaintiffs state in their petition that certain provisions of the Constitution and By Laws of the International Alliance deprive them of due process and are contrary to public policy. This mere averment of a legal conclusion does not properly raise a constitutional question (City of Marshfield v. Brown, 337 Mo. 1136, 88 S. W. (2d) 339) and even if it did the question would no longer be a live one because plaintiffs are not complaining inasmuch as the order of the court was in their favor. [McGill v. City of St. Joseph (Mo.), 31 S. W. (2d) 1038.]

The defendants filed a motion for a new trial in which they incorporated a request to revoke the appointment of the receiver. One of their grounds was that they were denied the right to a trial by jury under the Constitutions of Missouri and of the United States. On the same contention in George L. Cousins Contracting Co. v. Acer Realty Co. (Mo.), 102 S. W. (2d) 936, we ruled no constitutional question in the sense of conferring jurisdiction on this court was raised as the right to trial by jury can be determined only by a construction of the pleadings.

Another ground advanced by defendants was based on the denial of due process. We have said before that raising a constitutional question is not a mere matter of form. The question must really exist. A judgment may be erroneous yet rendered in due process of law. No such constitutional question exists in this case. [DeVoto v. DeVoto, 326 Mo. 511, 31 S. W. (2d) 805.] It is appropriate to repeat what we stated, in effect, in Stegall v. Pigment & Chemical Co., 263 Mo. 719, 173 S. W. 674, that if it could be said that the due process clause of the Constitution is violated every time an erroneous judgment is entered by the trial court, then by the simple process of incorporating in the motion for new trial the assignment that the judgment violated such clause, any case could be brought to this court for review. Such is not the law. For another reason we must conclude that the defendants themselves did not intend to invoke our jurisdiction by these assignments. They have abandoned them by not incorporating them under the assignments of error in their brief.

As to the interveners, we find no constitutional question raised in their petition. In their motion to set aside the interlocutory order they assert that the order violates Article II, Section 15 of the Constitution. That section prohibits the General Assembly from passing any law impairing the obligation of contracts. It obviously cannot apply to this case because no statute is under consideration. [Newman v. John Hancock Mutual Life Ins. Co., 316 Mo. 454, 290 S. W. 133.] An assignment of error in interveners' brief: "the judgment and decree of the court is in violation of and in contravention of the Constitution of the United States and amendments thereto" is neither timely nor does it properly present any constitutional question. The section of the Constitution which has been violated must be designated and the facts which constitute such violation must be narrated. [Village of Grandview v. McElroy, 318 Mo. 135, 298 S. W. 760.] The rule is settled that for a constitutional question to be available to a party it must be raised at the first opportunity presented in the case. [McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792.] The appellants have not complied. It follows that we have no jurisdiction on the ground of a constitutional question.

There remains, nevertheless, an additional consideration in determining the question of our jurisdiction. It concerns the effect

of Section 1018, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1286). This section, after providing for appeals in certain cases to the appropriate appellate court, continues: ''The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers. . . .'' We have expressly considered this identical question in the case of Stipp v. Bailey, 331 Mo. 374, 53 S. W. (2d) 872, where we refused to assume jurisdiction by virtue of such provision alone of the statute and held that some constitutional ground of jurisdiction must be present. We have followed this ruling in Junior v. Junior (Mo.), 84 S. W. (2d) 909 and in Federal Land Bank of St. Louis v. Bross (Mo.), 116 S. W. (2d) 6. In the Stipp case the original appeal from an order refusing to revoke the appointment of a receiver was taken to the Springfield Court of Appeals. That court transferred the case here. One of its reasons given for doing so was that this court has assumed jurisdiction by virtue of said statute. [See Stipp v. Bailey (Mo. App.), 22 S. W. (2d) 178.] In our decision remanding the case to the Springfield Court of Appeals we ruled that the statute itself did not authorize this court to assume jurisdiction, absent other jurisdictional grounds. We did not discuss it at length. There is a reason which was not mentioned. Our appellate jurisdiction is fixed by the Constitution. Therefore, the Legislature is powerless to add to or subtract from that jurisdiction unless authorized by the Constitution itself. The only field of change allowed to the Legislature by the Constitution is the pecuniary amount in dispute. Section 3 of the Constitutional Amendment of 1884 empowers the Legislature to increase or diminish the pecuniary limit of jurisdiction. The Legislature exercised this power by raising the limit to $7500. [Sec. 1914, R. S. 1929, 4 Mo. Stat. Ann., p. 2587.] Otherwise, the Legislature cannot invade the jurisdictional field of this court or of a Court of Appeals. It attempted to do so in the act creating the Public Service Commission, where it included an express provision that no court should have jurisdiction on appeal to review decisions of the Commission except the Supreme Court. [Secs. 5234 and 5237, R. S. 1929, 9 Mo. Stat. Ann., pp. 6661, 6666.] We declared such provision invalid on the ground that the Legislature had no constitutional authority to fix appellate jurisdiction in this court contrary to and in conflict with Section 12, Article VI of the Constitution which it attempts to do by this provision. [State ex rel. Gehrs v. Public Serv. Comm. (Mo.), 90 S. W. (2d) 394; State ex rel. Orscheln Bros. Truck Lines, Inc., v. Public Serv. Comm., 338 Mo. 572, 92 S. W. (2d) 882.] Therefore, if Section 1018 attempts to confine exclusive jurisdiction in this court of an appeal from an order refusing to revoke the appointment of a receiver, it is likewise contrary to and in conflict with Section 12, Article VI of the Constitution.

Finding nothing in the record which invokes our jurisdiction, the cause must be transferred to the St. Louis Court of Appeals. It is so ordered. All concur, except *Hays, J.*, not voting.