Curtis R. GEORG and Mabel H. Georg,
His Wife, Respondents,

v.

Richard E. KOENIG, Appellant.

No. 49525.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1963.

Donald U. Beimdiek, St. Louis, for appellant.

Biggs, Hensley, Curtis & Biggs, Davis Biggs, St. Louis, for respondents.

STORCKMAN, Presiding Judge.

This is a suit to enjoin the defendant from interfering with the construction of a

driveway leading from plaintiffs' residence to a private roadway of the subdivision in which the plaintiffs and the defendant resided. An order to show cause and a restraining order were issued. Thereafter, issues were joined and a trial on the merits resulted in a judgment for the plaintiffs. The defendant's motion for a new trial was overruled and he appealed to this court.

At the outset we are confronted with a dispute as to this court's jurisdiction to adjudicate the appeal. In his jurisdictional statement the defendant asserts that the plaintiffs failed to plead who owned the fee in the disputed land; that the defendant pleaded that he and not the trustees of the subdivision had title; and that the trial court found that the title to the disputed area was in the defendant and his wife subject to an easement. The defendant then concludes: "Hence, this action involves the title to real estate, the extent of easement rights and the rights of the owners thereon, thereby vesting jurisdiction in the Supreme Court of Missouri pursuant to Article V, Section 3 of the Constitution of 1945 of the State of Missouri."

The defendant further asserts that this court has jurisdiction because a construction of the due process clauses of the constitutions of the United States and the State of Missouri is involved in that the defendant alleged in his return to the order to show cause and in his motion for new trial that the issuance of the restraining order violated his rights under Art. I, § 10, Constitution of Missouri 1945, V.A.M.S. and § 1 of Amendment 14 of the Constitution of the United States. The defendant cites no authority in support of the two grounds of jurisdiction asserted other than the constitutional provisions referred to above.

The plaintiffs deny that this court has jurisdiction. They assert that the purpose of the suit is to restrain the defendant from interfering with the plaintiffs' use of a common easement and deny that there is any dispute as to the title to the real estate involved. The plaintiffs say that a construction of the constitution is not involved because the defendant does not specify in his motion for new trial or in his brief in what way due process has been violated. Authorities in support of their contentions are cited by the plaintiffs.

The private roadway in Ladue Ridge Subdivision in St. Louis County runs generally east and west. While the roadway easement is 50 feet wide, a strip 22 feet wide in the middle of the easement is all that is paved for travel leaving unpaved strips 14 feet wide on the north and south sides which the abutting owners, including the plaintiffs and the defendant, have planted and apparently treated as a part of their front yards. The plaintiffs own lot 2 which is adjacent to and east of lot 3 owned by the defendant. The lots are on the north side of the roadway. Plaintiffs' driveway is on the west side of their lot and where it passes through the 14-foot-unpaved portion of the easement at a point 6.40 feet from the northern edge of the paved roadway the driveway flares or broadens to facilitate entering or leaving the driveway. Where the western edge of plaintiffs' driveway joins the paved roadway, it was found by the court to be 2.56 feet west of a southward extension of the boundary line between lots 2 and 3. Whether the plaintiffs have the right to use the disputed area to flare their driveway in this fashion is the hub of this controversy.

It is undisputed that an easement 50 feet wide is reserved for Ladue Ridge Road. In his pleadings the defendant alleges that "title to the roadway is not vested in the trustees", and that the plaintiffs failed to plead in whom "the fee to the roadway mentioned in paragraph 3 is vested". In paragraph 2 of their petition, the plaintiffs alleged that the defendant was "the owner of the real estate located at No. 3 Ladue Ridge Road, Ladue, St. Louis County, Missouri." In its judgment, the trial court found that the plaintiffs and the defendant were the owners and in possession of lots 2 and 3, respectively, and held that title to

the center of Ladue Ridge Road was vested in the abutting landowners and that the "defendant, together with his wife, owns the fourteen-foot strip of land between the east and west extension of the property lines of his said property to the center of the paved roadway of Ladue Ridge Road, subject however, to the easement set out in the subdivision plat and referred to in the indenture aforesaid." In his motion for a new trial, the defendant made no objection to the court's ruling as to the ownership of the land involved although he attacked the rights of the plaintiffs and the authority of the trustees under the easement.

The second of the defendant's points to be argued (the only reference to title) reads as follows: "The fee title to the disputed land and under the easement abutting their land is owned by the defendant and his wife. The determination of the trial court on this point is correct. It is presented in this appeal only as a foundation for the other points in the brief." Likewise, the plaintiffs do not question the trial court's findings as to title. It is doubtful if there was ever any controversy in the case as to "the title to real estate" in the constitutional sense, but it is sufficient to say that no such question is preserved for review by this court. The construction of the roadway easement and the determination of rights of the parties thereunder is not sufficient to vest this court with appellate jurisdiction. Smith v. Santarelli, 355 Mo. 1047, 199 S.W.2d 411, 412 [4]; Miller v. Berry, Mo.App., 270 S.W.2d 666, 667 [1]; Bridle Trail Association v. O'Shanick, Mo.App., 290 S.W.2d 401, 402 [1].

The defendant contends a construction of the constitutions of this state and of the United States is involved because he alleged in his return to the order to show cause that the restraining order issued against him violated his rights without due process of law and that, upon entry of the judgment, he stated in his motion for new trial that the effect of the judgment was to deprive him of property and liberty without due process of law. Paragraph 2 of the defendant's return to the order to show cause asserts: "That said order of July 15, 1960, as aforesaid mentioned, should be dissolved, annulled and held for naught because it was issued in violation of defendant's property rights without due process of law contrary to the Constitutions of the State of Missouri and the United States of America." The allegation in paragraph 5 of the motion for new trial is that: "The effect of the judgment is to violate the defendant's constitutional rights, in that he is deprived of property and liberty without due process of law as guaranteed by Article 1 § 10 of the Constitution of Missouri, 1945, and Section 1 of Amendment XIV of the Constitution of the United States of America." The first point of defendant's brief is practically a rescript of the statements set out above from the return and the motion for new trial. In each instance we are confronted by a conclusion of the defendant without a specification of what procedures necessary to due process were omitted or violated.

We are precluded from considering any allegations of error which have not been presented to or decided by the trial court. S.Ct.Rules 79.03 and 83.13(a), 1959, V.A.M.R., § 512.160, subd. 1, RSMo 1959, V.A.M.S. There is no showing that the trial court decided a constitutional question. The raising of a constitutional question for purposes of appellate jurisdiction is not a mere matter of form, but there must be a substantial showing that such a question actually exists. Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112, 114 [8]; Dorrah v. Pemiscot County Bank, Mo., 248 S.W. 960, 962 [3].

The bare assertion in the motion for new trial that the effect of the judgment was to deprive the defendant of property and liberty without due process of law is a legal conclusion unsupported by any statement of facts constituting the alleged violation of constitutional rights and is insufficient to vest the supreme court with

appellate jurisdiction. Dorrah v. Pemiscot County Bank, Mo., 248 S.W. 960, 962 [2]; Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112, 114 [9, 11]; State ex rel. Kenosha Auto Transport Corporation v. Flanigan, 349 Mo. 54, 159 S.W.2d 598, 599 [3]; Ragan v. Ragan, Mo.App., 315 S.W.2d 142, 147–148 [4, 6].

Since no other ground has been suggested and we have found none, we must conclude that this court is without appellate jurisdiction. Therefore, it is ordered that the cause be transferred to the St. Louis Court of Appeals.

All of the Judges concur.