Curtis E. GEORG and Mabel H. Georg,
His Wife, (Plaintiffs) Respondents,

v.

Richard E. KOENIG, (Defendant)
Appellant.

No. 31746.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1965.

Rehearing Denied Feb. 12, 1965.

Donald U. Beimdiek, St. Louis, for appellant; Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, of counsel.

Biggs, Hensley, Curtis & Biggs, St. Louis, for respondents.

WOLFE, Presiding Judge.

This is a suit brought to enjoin Richard E. Koenig, the defendant, from interfering with the construction of a driveway that was being built by the plaintiffs. The driveway runs from the residence of the plaintiffs to the private roadway of the subdivision in which the plaintiffs and the defendant reside. The court issued a temporary restraining order and an order to show cause why an injunction should not be granted. Thereafter issues were joined and a trial resulted in a judgment for the plaintiffs. The defendant moved for a new trial and his motion was overruled. He then appealed to the Supreme Court of Missouri, and that court found that it was without jurisdiction and transferred the cause to this court. Georg v. Koenig, Mo., 370 S.W. 2d 356.

The plaintiffs and the defendant lived in Ladue Ridge Subdivision in St. Louis County. This subdivision has 22 lots, and they are all served by a private roadway that runs to the east and west. It is known as Ladue Ridge Road. The lots which are on both sides of the roadway front upon it. The easement for the road is 50 feet wide, but the only paved part of it is a strip about 22 feet wide down the center. This leaves a strip of about 14 feet in width upon either side of the paving.

The abutting lot owners, including the parties hereto, have treated that portion of the 14-foot strip upon which they abut as the front part of their respective lots, and have planted and landscaped it up to the paved roadway. The plaintiffs own Lot 2,

which is directly east of Lot 3 owned by the defendant. The plaintiffs purchased Lot 2 after it had been improved by the erection of a house upon it. A driveway connecting with Ladue Ridge Road was laid at the time the house was constructed. This driveway flared out to either side as it connected with the paved portion of the road. Where it flared to the west it encroached upon that part of the unpaved easement in the front of the defendant's lot.

Defendant Koenig noticed this in 1953, but did nothing about it. But in 1958 Koenig informed Georg that his driveway, where it flared along the edge of the paved road, encroached upon Lot 3 which belonged to Koenig. Georg told him at that time that Koenig did not own the property since the flare of the driveway was within the 50-foot easement. In 1960 Georg submitted a written request to the Board of Trustees for permission to resurface his driveway as it then existed. The defendant Koenig sent a letter to the Trustees complaining of the location of the portion of the driveway that extended over his property line. But the Trustees granted the requested permission to resurface the driveway.

Plaintiffs intended to lower the driveway and curb it. It was dug up, and while it was in this state Koenig, the defendant, put a board along his property line and sodded the part where the flare had been. At this point plaintiffs applied for and obtained a temporary order restraining Koenig from interfering with the construction of the driveway and from damaging or destroying it, after posting a $1,000 bond. After the temporary restraining order was issued the plaintiffs' driveway was completed, with the flare about which the defendant complained. The encroachment extends in a triangular area. Starting from the point where the driveway first flares over the defendant's property, the distance is 6.40 feet back from the edge of the paving. It widens to a distance of 2.56 feet where it joins the paving. At the hearing in October all of the foregoing facts were adduced. Plats and photographs of the lots were in evidence, together with the "Restrictions Governing Ladue Ridge." The "Restrictions" contain the following:

"I. RIGHTS, DUTIES AND POWERS OF TRUSTEES

"1. The Trustees of Ladue Ridge are herein invested with the rights, duties and powers to maintain Ladue Ridge Road, negotiate with the State Highway Department any matters concerning the entrance and exit from Ladue Ridge Road, take whatever measures are necessary to insure the privacy and safety of Ladue Ridge Road and to take all other measures necessary in their discretion, to maintain Ladue Ridge as a subdivision of fine homes."

The trial judge made his findings of fact which embraced all of those which we have set out above, and in his conclusions as to the law he stated:

"That title to the center of Ladue Ridge Road is well vested in the abutting landowners; that therefore, defendant, together with his wife, owns the fourteen-foot strip of land between the east and west extension of the property lines of his said property to the center of the paved roadway of Ladue Ridge Road, subject, however, to the easement set out in the subdivision plat and referred to in the indenture aforesaid."

He went on to hold:

"4. That pursuant to the powers vested in the Board of Trustees by the recorded indenture, the majority of the Trustees, in their discretion, have the authority to permit plaintiffs to reconstruct the driveway within the same boundaries it previously occupied."

As stated, he enjoined the defendant from interfering with the portion of the driveway which crossed his property.

There can be no doubt that title to the property is vested in the defendant and his wife, as the court held. Georg v. Koenig, 370 S.W.2d 356, supra. However, as to the rights of the Trustees to hold the easement for road purposes, that is governed by the indenture under which they hold the easement for the road. In Coleman v. Lill, Mo.App., 191 S.W.2d 1018, 1.c. 1020, involving the authority of the trustees of a subdivision known as Ladue Hills, we stated:

> "[1] It is an elementary principle in the law of trusts that in the execution of a trust the trustee is bound to comply strictly with the directions contained in the trust instrument defining the extent and limit of his authority and the measure of his powers. The trust instrument prescribes the extent and limits of his authority."

The above case was cited with approval by the Missouri Supreme Court in Ginter v. City of Webster Groves, 349 S.W.2d 895.

Applying the above-stated rule to the indenture in question, we find that the Trustees are empowered "to maintain Ladue Ridge Road." Certainly the encroachment was not necessary for the maintenance of the road. Then they are empowered to "negotiate with the State Highway Department any matters concerning the entrance and exit from Ladue Ridge Road." This obviously has no relation to the private driveways of the property owners fronting upon Ladue Ridge Road. The next authority granted is to "take whatever measures are necessary to insure the privacy and safety of Ladue Ridge Road." The shape of the defendant's driveway and its encroachment have nothing to do with either privacy or safety. The last authority invested in the Trustees by the indenture is "to take all other measures necessary in their discretion, to maintain Ladue Ridge as a subdivision of fine homes." The overlapping driveway certainly had nothing to do with the quality of homes or of the sub-division. We therefore hold that Georg had no right to enter upon the defendant's land, and the Trustees had no power to confer the right.

The trial court erred in enjoining the defendant. We reverse the judgment entered, dissolve the restraining order, and remand the cause for the determination of damages, if any, that the defendant suffered by reason of the restraining order.

ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, J., not participating.