HANLON v. PULITZER PUBLISHING COMPANY, Appellant.

### Division One, February 19, 1902.

1. **Appellate Jurisdiction:** CONSTITUTIONAL QUESTION: LIBEL. An instruction on the burden of proof in a libel suit does not involve a constitutional question.

2. ————: ————: PRACTICE. Before an appellant can invoke the jurisdiction of the Supreme Court to decide a constitutional question, he must be able to show that he claimed in the trial court some right under the Constitution which was denied him, or that a constitutional question to his own disadvantage was ruled in his adversary's favor.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Judson & Green* for appellant.

(1) The appeal in this case was properly taken to this court, although the judgment was for $1,750, as the error complained of in the refusal of the instruction involves the application and construction of the Constitution of the State, section 14 of article 2 of the Bill of Rights. Heller v. Pulitzer Publishing Company, 153 Mo. 205. (2) The circuit court erred in refusing the following instruction requested by defendant: "The court instructs the jury that under the Constitution of the State, the jury in every action for libel are the judges of the law as well as of the facts. You are therefore to determine from all the facts in evidence whether the publication complained of was libel upon plaintiff, and unless you so find that it was a libel upon plaintiff, your verdict must be for defendant." Constitution, sec. 14, art. 2, of Bill of Rights; State v. Armstrong, 106 Mo. 395; State v. Powell, 66 Mo. App. 598; Arnold v. Jewett, 125 Mo. 241; Heller v. Pulitzer Publishing Co., supra; McCloskey v. Pulitzer Publishing Co., 152 Mo. 339.

*Morris & Fitzgerald* and *James P. Maginn* for respondent.

There was no error in refusing the instruction requested by defendants, because, in the instructions given by the court of its own motion, the jury were instructed fully and substantially as requested by defendant in its refused instruction, and said instruction did not purport to instruct the jury as to the burden of proof.

VALLIANT, J.—This is an action for libel. The defendant corporation is the publisher of the St. Louis Post-Dispatch.

The petition sets out in full the article complained of, states that it was published by the defendant of and concern-

ing the plaintiff, that it is false and malicious and to the plaintiff's damage.

The answer admits the publication, denies malice, avers that the statements in the publication were true, and pleads certain facts in mitigation.

The trial resulted in a verdict for the plaintiff for $1,200 compensatory and $500 punitive damages and judgment accordingly, from which the defendant appeals.

The appeal comes to this court on the theory that a constitutional question is involved. The clause of the Constitution referred to is: "And in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact." [Sec. 14, art. 2.]

Before a party can be in a position to invoke the jurisdiction of this court to decide a constitutional question, he must be able to show that he claimed in the trial court some right under the Constitution which was denied him, or that a constitutional question to his own disadvantage was ruled in his adversary's favor.

Appellant insists that its right under the above-quoted clause of the Constitution was denied or infringed by the refusal of the court to give the following instruction asked by it:

"The court instructs the jury that under the Constitution of the State, the jury in every action for libel are the judges of the law as well as of the facts. You are therefore to determine from all the facts in evidence, whether the publication complained of was a libel upon the plaintiff, and unless you so find that it was a libel upon the plaintiff your verdict must be for the defendant."

The court of its own motion gave the following:

"The jury are instructed that under the law of this State the jury, under the direction of the court, are to determine

the law and the facts in all suits and prosecutions for libel, which means that in this case, you are to determine whether the publication complained of is or is not a libel upon the plaintiff."

The particular rights guaranteed to the defendant under the clause of the Constitution above quoted, were to plead the truth of the publication in defense and to have the jury under the direction of the court determine the law as well as the facts. Those rights the appellant claimed in the trial court, and they were given. But appellant contends that the omission of the last clause of the refused instruction, "and unless you so find that it was a libel upon plaintiff, your verdict must be for defendant," impaired its constitutional right, in that that clause was in effect an instruction on the burden of proof and that, to give full effect to the clause of the Constitution quoted, the jury should be instructed on the law of burden of proof.

We will not decide whether, under the pleadings in this case, the defendant was entitled to an instruction that the burden of proof was on the plaintiff on that issue, nor whether this refused instruction was really an instruction on that point, because those questions discussed in the briefs will be for the Court of Appeals to which the case will be transferred. We will ge no farther than to say that the question of whether the defendant is entitled to an instruction on the burden of proof in a libel suit does not involve a construction of the Constitution. We are of the opinion that there is no constitutional question in this case, and it is therefore transferred to the St. Louis Court of Appeals. All concur.