## STATE OF MISSOURI, Appellant, v. BROCK-MILLER, Respondent.

### St. Louis Court of Appeals, May 10, 1904.

1. JURISDICTION: Supreme Court: Constitutional Question. An objection that a statute, under which an indictment was framed, is unconstitutional, is insufficient to raise a constitutional question, where it fails to point out the particular part of the constitution which the defendant claims was violated.

2. ———: ———: ———. A defendant indicted for misdemeanor can not, on appeal, invoke the jurisdiction of the Supreme Court on the ground that the statute, under which he was indicted, is unconstitutional, where no constitutional question was decided adversely to him by the trial court.

Appeal from St. Louis Court of Criminal Correction.—
Hon. James T. Neville, Judge.

REVERSED AND REMANDED (*with directions*).

BLAND, P. J.—Appeal by the State from a judgment quashing the indictment against the defendant. The indictment, except as to names, etc., is identical with the indictment in the case of State v. Villines, reported on page 593 of this volume.

The motion to quash is the same as in the Villines case, except it contains the following additional ground, to-wit: "The act under which the indictment is founded is unconstitutional because of the fact that said act attempts to legalize a lottery in this State." If this ground was sufficient to raise a constitutional question which had been decided against the defendant, it would be our duty to transfer the case to the Supreme Court; but it is insufficient to raise a constitutional question, in this, it fails to point out the particular part of that instrument which defendant claims was violated. Hulett v. Railway, 145 Mo. 25, 46 S. W. 951; Dawson v. Waldheim, 91 Mo. App. 117. Nor can the defendant invoke the jurisdiction of the Supreme Court for the reason no constitutional question was decided adversely to him by the court of criminal correction. Hanlon v. Pulitzer Publishing Co., 167 Mo. 121, 66 S. W. 940.

For the reasons stated in the case of State v. Villines, supra, the judgment is reversed and the cause remanded with directions to the court of criminal correction to set aside its judgment quashing the indictment and overrule the motion to quash. *Reyburn* and *Goode, JJ.,* concur.