STATE OF MISSOURI at the Relation and to the Use of IONE THOMPSON MARKWELL, Appellant, v. JOHN W. COLT, T. O. HOLDIMAN and W. J. NEWHARD, Members of the Board of Directors of School District No. 64, Clay County, Missouri, commonly known as ENGLEWOOD SCHOOL DISTRICT, RALPH W. BALLEW, County Superintendent of Public Schools of Clay County, Missouri: W. S. RILEY, Clerk of the County Court of Clay County, Missouri: CLIFFORD T. HALFERTY, Collector of the Revenue of Clay County, Missouri: GEORGIA BROOKS, County Treasurer of Clay County, Missouri.—No. 39659.—194 S. W. (2d) 1021.

Division Two, June 10, 1946.

*Alan F. Wherritt* and *Wm. Dennis Bush* for appellant.

56

*Lawson & Hale* and *Francis G. Hale* for respondents.

BOHLING, C.—Mandamus. Relator appeals from a judgment quashing the alternative writ and dismissing her action upon her refusal to plead further. She asserts, without citation of authority, that appellate jurisdiction rests here because a construction of the Constitution of this State is involved. (See Mo. Const. 1875, Art. X, Sec. 11; Mo. Const. 1945, Art. V, Sec. 3.) Respondents contend appellate jurisdiction is in the Kansas City Court of Appeals.

Relator, appellant here, held a judgment against certain school district defendants for services as a teacher. May 10, 1941, she instituted mandamus against said school districts and others as respondents to effect the payment of $3,259.50, principal and interest, due on said judgment debt. See State ex rel. v. Knight et al. (Mo. App.), 121 S. W. 2d 762, 764[6-11]; State ex rel. v. Smith, 343 Mo. 288, 121 S. W. 2d 160. An alternative writ of mandamus issued on said date, having attached thereto relator's petition for the purpose of incorporating it therein by reference. May 21, 1941, respondents moved to quash said alternative writ. Relator's original petition is not in the record certified here, but an amended petition filed August 5, 1942, is shown. It, so far as essential here, was to the following

effect: Relator had secured a judgment against respondent school districts for services under contract as a teacher for Consolidated School District No. 1, Clay county, Missouri; that said Consolidated district had been dissolved and respondent ▮▮▮ school districts had been organized from territory of said Consolidated district; that said services as teacher were under a valid written contract and a valid tax levy of sixty-five cents had been voted and certified to pay therefor; that said Consolidated district failed to pay relator; that the taxes collected in said territory were not applied on the debts incurred by said Consolidated district but were turned over to the common school districts organized from said territory, including respondent districts; that nothing had been paid on relator's judgment by respondent school districts and relator asked an "additional tax levy of sixty-five cents on the $100 valuation be made in School District No. 64, commonly known as Englewood school district to pay relator's judgment." (Quoting relator's brief.)

Respondents joined in a motion to quash the alternative writ on the principal ground no cause of action was stated against them, and was to the effect, among other things, that said writ did not show that respondent school directors had any right or duty to certify an additional tax levy and whether such additional levy, if made, would be in excess of the constitutional limit of taxation in said district.

This motion to quash was sustained for the stated reason, as well as others, "that the writ herein does not show that it would not command a tax levy in excess of the constitutional limit provided by the Constitution of Missouri and would violate section eleven of article ten of the Missouri constitution." Relator stood on her petition and the alternative writ. Judgment of dismissal, with costs, followed. Relator filed a "motion for rehearing" charging generally that the action of the court was "against the law and the judgment should have been for relator" under the facts stated in the petition.

The issue presented was one of pleading. It is generally governed by statutory enactments and court decisions. The burden is upon an appellant asserting appellate jurisdiction in this court because a constitutional issue is involved to affirmatively establish of record our jurisdiction over the appeal. Relator directs our attention to no constitutional provision having aught to do with whether said alternative writ of mandamus should or should not show that it commanded a tax levy within Missouri constitutional limitations and whether the absence of such pleading was fatal to the statement of a cause of action in relator. Courts of appeal have jurisdiction to construe statutory enactments as well as decisions resting upon such enactments whenever necessary to the determination of an appeal within their jurisdiction. Consult Stock v. Schloman, 322 Mo. 1209, 1213, 18 S. W. 2d 428, 430[2]; Fischbach Brewing Co. v. St. Louis,

337 Mo. 1044, 1051[3], 87 S. W. 2d 648, 650[3]. If the Missouri constitutional limitation is ineffective in the instant case by reason of Federal constitutional provisions, as relator contends for the first time in her brief here, that issue should be presented to the trial court for it to be a proper subject of inquiry in a court of review; as constitutional questions vesting appellate jurisdiction here ordinarily should be presented at the first opportunity in the due course of procedure. McGrath v. Meyers, 341 Mo. 412, 416[1], 107 S. W. 2d 792, 794[2]; Robinson v. Nick (Banc), 345 Mo. 305, 309[5], 134 S. W. 2d 112, 114[12]; Burns v. Prudential Ins. Co. of Am., 295 Mo. 680, 689(II), 247 S. W. 159, 161[2]. If the trial court ruled correctly, then relator, if she desires to present an issue involving the validity of said Sec. 11, Art. X, Mo. Const., may by appropriate allegations allege its inapplicability or unconstitutionality in her petition. If the ruling be error, then, upon remand, respondents, if so advised, may plead the applicability of said Constitutional provision, and relator by appropriate allegations may question their effectiveness. In any event, the issue presented for determination was restricted to the pleadings, their sufficiency to state a cause of action, and consequently the error, if error, in the ruling was likewise restricted to the pleadings. Absent jurisdiction here on some other ground, rulings on pleadings have been considered not to vest this court with appellate jurisdiction.

In Wolf v. Hartford Fire Ins. Co., 304 Mo. 459, 463, 263 S. W. 846, 847, defendant filed a motion to strike the case from the jury docket and place it on the equity docket. The motion was sustained over objection that the plaintiffs were being deprived of their right of a trial by jury. Court en Banc held no constitutional issue was involved; stating: ''If the trial court has erred in holding this to be a suit in equity, that error lies in a *misconstruction of the pleadings*, since it is settled the pleadings determine that question, and no mere misconstruction of pleadings can give this court jurisdiction of a case, no matter what right is affected, nor how that right is protected, nor from what source it comes.'' This was followed in Silberstein v. H-A Circus Operating Corp. (Mo.), 124 S. W. 2d 1207. There, the defendants filed a motion to dissolve an interlocutory order appointing a receiver and an injunction on the grounds, among others, that the petition did not state facts sufficient to invoke equitable relief and the action of the court violated defendants' constitutional rights to a trial by jury and the due process clauses of the Federal and State constitutions. The court considered the sole question for determination was whether plaintiffs' petition stated facts sufficient for equitable relief and the appointment of a receiver and transferred the cause to the court of appeals.

Under the authorities mentioned, the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.