PHILLIPS PIPE LINE COMPANY, a Corporation, Plaintiff-Respondent, v. EDWARD O. BRANDSTETTER and JEANETTE BRANDSTETTER, Wife of Said Edward O. Brandstetter, Defendants-Appellants, No. 43375—254 S. W. (2d) 636.

Division Two, February 9, 1953.

*Robert A. Roessel, Keith M. Brownell* and *Ruth Boxdorfer* for appellants.

*C. Kenneth Thies, Kerth, Thies & Schreiber, Rayburn L. Foster, Harry D. Turner* and *Wm. J. Zeman* for respondent Phillips Pipe Line Company.

WESTHUES, C.—This is a condemnation suit filed by respondent, Phillips Pipe Line Company, against appellants, Edward O. Brandstetter and his wife to condemn land for the purpose of laying a pipe line. Commissioners were appointed to assess the damages; exceptions were filed to the report of the commissioners but these were later dismissed. In their answer the landowners, appellants here, challenged the right and power of respondent to condemn the land. Appellants' contention is that Section 523.010, RSMo, 1949, does not authorize pipe line companies to institute condemnation proceedings. The trial court held that the respondent did have the right to condemn land and entered a judgment accordingly. The landowners appealed.

When the case was argued before this court, the question of appellate jurisdiction was suggested. The attorneys for appellants as well as those for the respondent contended that the appeal was properly taken to this court. The reasons advanced on the question of jurisdiction were that title to real estate is involved and that constitutional questions had been preserved for our review.

The question of jurisdiction is important because this court does not have the right or power to decide cases of which it does not have jurisdiction. Article V, Section 3, 1945 Constitution; Robinson [637] v. Nick, 345 Mo. 305, 134 S. W. (2d) 112.

There is good authority holding that condemnation cases involve title to real estate. See cases cited in V. A. M. S., Vol. 2, under Note 210 to Art. V, Sec. 3, supra, p. 103. However, in the case of City of St. Louis v. Butler Company, 358 Mo. 1221, 219 S. W. (2d) 372, this court en banc reviewed this question at length and overruled many cases which held appellate jurisdiction was vested in this court in such cases. It was emphasized that the constitution requires title to real estate to be *involved* to vest this court with appellate jurisdiction; that it is not enough that title may be affected. Looking at the record in this case, what is the question in dispute? The Pipe Line Company does not dispute the title of appellants to the land sought to be condemned. By the pleadings, title was conceded to be in appellants. The real question involved is whether Section 523.010, supra, confers on the respondent Pipe Line Company authority to condemn land to lay its pipe lines. A decision in this case depends on the construction of a statute. That does not vest this court with appellate jurisdiction of the appeal. State ex rel. Heppe

v. Zilafró, Mo., 206 S. W. (2d) 496, l. c. 497 (1). We need not review the question again and deem it sufficient to refer to the opinion of the court in the Butler Company case, supra. See 219 S. W. (2d) l. c. 374 (2) (3), as well as the concurring opinion of Judge Douglas at page 380 in which five of the seven judges concurred. Judge Hyde, who dissented on other grounds, agreed that title to real estate was not involved. See also Missouri Power and Light Co. v. Creed, 325 Mo. 1194, 30 S. W. (2d) 605 (2).

No constitutional question has been preserved for review. In their answer, the landowners in three separate paragraphs attempt to present constitutional questions in the following manner:

"(b) *That if plaintiff is within the purview and meaning* of Section 523.010 R. S. Mo. 1949 then that Section is unconstitutional and in violation of the Constitution of the State of Missouri, Article 1, Section 28, in that plaintiff is not engaged in a business for a 'public purpose' as therein defined." (Emphasis ours)

To present a constitutional question for review on the ground that a statute is unconstitutional, the constitutionality of the statute must be directly challenged. To say that a statute would be unconstitutional if construed in a certain manner does not meet the requirement. State ex rel. Volker v. Kirby, 345 Mo. 801, 136 S. W. (2d) 319, l. c. 321 (5).

Defendants, landowners, filed a motion for a new trial wherein they made no mention of any constitutional question. Having failed to preserve the question, if any had been presented before, they are presumed to have abandoned it. Shanks v. St. Joseph Finance and Loan Co., Mo., 163 S. W. (2d) 1017; Red School District No. 1 v. West Alton School District No. 2, Mo., 159 S. W. (2d) 676; 21 C. J. S. Courts, Sec. 404, p. 660, Note 16; City of St. Louis v. Butler Company, supra.

Furthermore, we do not have jurisdiction of this appeal on the theory that a constitutional question is inherently involved in the case. The final decision in this case may rest upon the construction of a statute. But even if that were not so, this court in the case of City of St. Louis v. Butler, supra, 219 S. W. (2d) l. c. 378-380 (8) (9), disapproved the doctrine of "inherency," that is, appellate jurisdiction on the theory that a constitutional question may be inherent in a case.

We rule that this court does not have jurisdiction of this appeal and the cause is hereby transferred to the St. Louis Court of Appeals. It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.