259 S.W.2d 836 (1953)
CIRESE
v.
SPITCAUFSKY et al.
No. 43574.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
David M. Proctor, City Counselor, John J. Cosgrove, Associate City Counselor, Kansas City, for appellants.
J. K. Owens and I. I. Ozar, Kansas City, for respondent.
VAN OSDOL, Commissioner.
This appeal was originally perfected to the Kansas City Court of Appeals, but that court was of the view that appellate jurisdiction of the cause is in this court on the ground the case involves "the construction of the Constitution of the United States or of this state", V.A.M.S.Const. Art. V, § 3, and the cause was transferred to this court. Cirese v. Spitcaufsky, Mo.App., 253 S.W.2d 512. However, we have examined the transcript of the record; have carefully read the able opinion of the Court of Appeals; and have come to the conclusion that the Court of Appeals has appellate jurisdiction of this case.
Plaintiff, the owner of two brick buildings in Kansas City, instituted this action for an injunction and for actual and punitive damages against defendants Charles and Hyman Spitcaufsky, contractors, and against Frank L. Lang and Reed McKinley, officers of the City of Kansas City.
In his original petition plaintiff alleged that defendants, and each of them, conspiring together, were trespassing upon and demolishing plaintiff's described property, and unless restrained "will tear down and carry away said building(s) and deprive this plaintiff of his property, both real and personal and will greatly damage the property without due process of law, without authority, and in violation of law and by *837 reason thereof are depriving this plaintiff of his property rights in violation of the constitution of the State of Missouri and of the United States."
The City of Kansas City moved to intervene, asserting that defendants Lang and McKinley and defendants Charles and Hyman Spitcaufsky were acting for the city under the provisions of Section 302(d) of city's Ordinance No. 9519. And, having become a party defendant, city (and defendants Lang and McKinley) by separate answer pleaded Section 302(d) of the Ordinance No. 9519, as follows, "Whenever any building or other structure has become so damaged by wind, fire, deterioration or other cause or causes and is in such condition, in the opinion of the Building Commissioner, as to constitute the same an immediate hazard dangerous to life, limb or property, or to the public, because of immediate danger of collapse, the Building Commissioner shall cause the removal and demolition thereof forthwith and without notice." The answer further stated that, pursuant to and under authority of the Ordinance, the answering defendants had entered into a contract with defendants Charles and Hyman Spitcaufsky to remove the buildings in plaintiff's petition described "for the reason that said buildings constituted an immediate hazard dangerous to life, limb and property and were in danger of immediate collapse." Defendants Charles and Hyman Spitcaufsky also filed answer in which they stated that "in accordance with law they entered upon the premises * * * to raze the buildings thereon so as to make them safe for the public using the streets, sidewalks and public alleys adjacent thereto." By reply to the separate answer of defendants city, Lang and McKinley, plaintiff stated that the Ordinance set out in the answer "is unconstitutional and void, and has no legal binding force or effect of any kind or nature whatsoever."
After defendant City of Kansas City had been made a party defendant, plaintiff filed motion for judgment on the pleadings. Plaintiff also filed an amended petition alleging that defendants (other than the Spitcaufskys), conspiring among themselves, and with each other, "to obtain possession of all the above described property, * * * to demolish the aforesaid buildings and improvements, to remove the same from the above described real estate; and, without regard for, and in violation of, his rights in the premises, and contrary to the Constitution of the State of Missouri, as well as the Constitution of the United States of America, to confiscate all the above described property, and to deprive him of his ownership thereof, * * * and without due process of law, thereupon, in pursuance of the aforesaid conspiracy and to accomplish the objects and purposes thereof, wrongfully and unlawfully, willfully, wantonly and maliciously, induced the defendants, Charles and Hyman Spitcaufsky * * * to immediately, and forcibly, enter upon * * * to raze and destroy the aforesaid buildings * * * and to convert the same (as well as all the personal property stored therein) to their own exclusive use and benefit * * *." The answers theretofore filed were refiled in answer to plaintiff's amended petition.
Upon trial, evidence was heard and the trial court found the issues in favor of plaintiff and against defendants (except defendants Lang and McKinley, who were discharged with their costs), and awarded plaintiff $2,000 actual and $1,000 punitive damages.
Defendants pleaded Section 302(d) of the Ordinance, quoted supra, as a defense to plaintiff's action, and it is true that plaintiff in his petition had alleged defendants were conspiring to deprive him of his property and to convert the same to their use in violation of provisions of the constitutions of the State of Missouri and of the United States; and that, by way of reply, plaintiff had said that the Ordinance, set forth in the answer, was unconstitutional and void and of no legal binding force or effect. But in our examination of the record we have been unable to find any further reference to any constitutional issue. It seems there was no mention whatsoever, during the trial of the case, of any constitutional question. At the conclusion of the trial proper, the parties, plaintiff and defendants, requested findings of fact, and at *838 plaintiff's request the trial court found, inter alia, "that the ordinance upon which the city based its authority to demolish the buildings as set out in the petition was not binding upon this plaintiff." But there was no request for a finding upon any question of constitutional construction. Defendants in their motion for a new trial made general assignments. No specification that the trial court had erred in ruling any constitutional question was assigned in the motion for a new trial.
It has been written that, in order to preserve a constitutional question for review, the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified; the point must be presented in the motion for a new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372; State ex rel. Kirks v. Allen, Mo.Sup., 250 S.W.2d 348.
Initially it is to be observed that plaintiff made no specific reference to article and section of any constitutional provision, and it is doubtful that plaintiff raised any constitutional question by the allegations of his petition or reply. City of St. Louis v. Butler Co., supra; State ex rel. Houser v. St. Louis Union Trust Co., Mo. Sup., 248 S.W.2d 592. (And, if a constitutional question has not been timely and properly raised by a party in the trial court and if the record of the trial court fails to show that the trial court did, in fact, pass on a constitutional question, it is not to be assumed that the trial court passed on such a question. See again City of St. Louis v. Butler Co., supra, wherein this court in deciding a question of appellate jurisdiction disapproved the doctrine of "inherency" of a constitutional question, that is, this court disapproved the doctrine that appellate jurisdiction of a given case may be in this court on the theory that a constitutional question is inherent in the case. See also Phillips Pipe Line Co. v. Brandstetter, 363 Mo. ___, 254 S.W.2d 636; State ex rel. Houser v. St. Louis Union Trust Co., supra.
In the instant case the plaintiff sought to raise constitutional questions. Defendants were the losing parties. The defendants had the negative of any constitutional issue which the plaintiff had sought to invoke by his petition and reply, and, if it were assumed that the trial court found for the plaintiff on some constitutional issue, the defendants (appellants herein), if they had wished to urge and preserve the point that the trial court had erred in ruling the issue, could and should have called the trial court's attention to their contention of error by assignment of the error in their motion for a new trial. City of St. Louis v. Butler Co., supra; Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874. So, if it were assumed that plaintiff had raised a constitutional question, and that the trial court had ruled the question, yet, as stated, defendants, in their motion for a new trial, did not assign error in ruling the question and, therefore, no such contention of error of the trial court was preserved which would vest this court with appellate jurisdiction on the ground that the case involves the construction of State or Federal constitutions. City of St. Louis v. Butler Co., supra; Phillips Pipe Line Co. v. Brandstetter, supra; Shanks v. St. Joseph Finance & Loan Co., Mo.Sup., 163 S.W.2d 1017; Motchar v. Hollingsworth, Mo.Sup., 162 S.W.2d 805; Red School Dist. No. 1 of St. Charles County v. West Alton School Dist. No. 2 of St. Charles County, Mo.Sup., 159 S.W.2d 676.
The cause should be transferred to the Kansas City Court of Appeals.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.