260 S.W.2d 669 (1953)
STATE ex rel. BARNETT
v.
SAPPINGTON et al.
No. 43471.
Supreme Court of Missouri, Division No. 1.
September 14, 1953.
*670 Carl F. Sapp, Columbia, for appellant.
L. W. Byars, Columbia, for respondents.
COIL, Commissioner.
Plaintiff-appellant sought a writ of mandamus requiring defendants-respondents, as members of the city council of the City of Columbia, to issue to plaintiff a city permit for the sale at retail of intoxicating liquors in the original package. The alternative writ was issued and a return, a reply to the return, and an answer to the reply, were filed. After a hearing, the trial court quashed the alternative writ. Plaintiff-relator's "Motion to Reconsider or Motion for New Trial" was overruled and plaintiff appealed.
Defendants have filed a motion to transfer to the Kansas City Court of Appeals. Even in the absence of such a motion, it is our duty to examine the record to ascertain if this court has appellate jurisdiction. We have concluded that the cause must be transferred.
Appellant's jurisdictional statement in his brief is: "The jurisdiction of the appeal, therefore, lies in the Supreme Court of the State of Missouri for the reason that this is an action in mandamus against the defendants respondents in their capacity as public officials, elected officers, and councilmen of the city of Columbia, a municipal corporation and political subdivision of the State of Missouri, Constitution of Missouri, 1945, Article V, § 3, RSMo 1949 [V.A.M.S.]." As appellant now apparently concedes, we do not have jurisdiction for the reasons assigned. Councilmen of a municipality are not state officers within the meaning of Const. Art. V, § 3, V.A.M.S. Stratton v. City of Warrensburg, Mo.Sup., 159 S.W.2d 766; State ex rel. Kirks v. Allen, Mo.Sup., 250 S.W.2d 348, 350[3]. The City of Columbia is not a party defendant and, in any event, that city is not a political subdivision of the state within the meaning of Const. Art. V, § 3, V.A.M.S. Ingle v. City of Fulton, Mo., 260 S.W.2d 666; Stratton v. City of Warrensburg, supra.
We do not have jurisdiction based upon the "amount in dispute". "When the object of an action is not to obtain a money judgment, but other relief, the `amount in dispute,' in an appellate jurisdictional sense, must be determined by the value in money of the relief to plaintiff, or the loss to defendant, should the relief be granted, or, vice versa, should the relief be denied." Ingle v. City of Fulton, supra. There is no affirmative showing in the record of any "amount in dispute".
In his suggestions in opposition to defendants-respondents' motion to transfer, plaintiff-appellant contends that we have jurisdiction "for the reason that constitutional questions have been raised and are in issue. (Constitution of Missouri 1945, Article V, Section 3)". In the petition for the alternative writ it was averred that the petitioner was entitled to the license as a matter of right "and the action of the members of the Columbia City Council denying such license to the petitioner was erroneous, wrongful, discriminatory, arbitrary, and unconstitutional"; and that "the action of the members of the Columbia City Council has deprived the petitioner of his property without due process of law within the meaning of the Fifth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of 1945 for the State of Missouri."
Respondents' return denied these averments and alleged that the zoning ordinances divided the city into seven districts and "that all of said districts are reasonably zoned under the laws of Missouri for the purpose of promoting health, safety, morals and the general welfare of the City of Columbia and that the ordinances regulating the permissive use of the respective districts and within the districts, are reasonable and uniform in their application to the *671 respective areas and are administered reasonably and not arbitrarily."
Plaintiff's reply to defendants' return denied that "the ordinances are reasonable and uniform in their application and denies that they are administered reasonably and not arbitrarily," and alleged that "the issuance of licenses to sell intoxicating liquor in the original package is a permissive use under said section but that in its application depends upon the whim and caprice of the moment of the City Council of the City of Columbia, Missouri, and that the section of the zoning ordinances is void and unconstitutional in its application."
The evidence consisted of an agreed statement of facts and the pertinent portions of the zoning ordinances and the intoxicating liquor ordinance. At the hearing, no mention was made of any constitutional question. The trial court gave no reasons for its judgment and did not indicate in any way that it had ruled on a constitutional question.
Plaintiff's motion to reconsider or for a new trial contained these statements:
"* * * that Section 1163 of Chapter 28 of the zoning ordinances of the City of Columbia, Missouri, is vague and uncertain allowing the City Council of the City of Columbia, Missouri, at the whim and caprice of the City Council to determine what is a conforming use and what is a nonconforming use of relator's premises. * * * that Section 1163 of Chapter 28 of the zoning ordinances of the City of Columbia, Missouri, is unconstitutional in its application for the reason that it does not apply to others in similar businesses under similar circumstances and in similar local business districts. * * * that the provisions of Section 1172 of the zoning ordinances of the City of Columbia, Missouri, are void and contrary to the Constitution of the State of Missouri."
Appellant's brief contains four statements under "Points and Authorities." They are in substance: (1) under the state law and the city ordinances, relator-appellant is entitled to the license sought; (2) "if the court finds that the sale of intoxicating liquor in the original package is a nonconforming use of Relator's premises under the provisions of" the zoning ordinances, then such ordinances prohibit the sale of liquor in the original package in Columbia and are invalid and void, and thereby "deprive the Relator of the use of his property without due process of law"; (3) Section 1163 of the zoning ordinances is void and deprives relator of the use of his property without due process of law because, as applied by respondents, it "does not apply to others in similar businesses under similar circumstances"; and (4) Section 1163 of the zoning ordinances is void and deprives relator of due process because it is vague and uncertain and its application depends on the "caprice" of the members of the council and of the zoning commission.
A consideration of the transcript makes it apparent that no constitutional question has been sufficiently raised or preserved to give this court appellate jurisdiction.
"It has been written that, in order to preserve a constitutional question for review, the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified; the point must be presented in the motion for a new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372; State ex rel. Kirks v. Allen, Mo.Sup., 250 S.W.2d 348." Cirese v. Spitcaufsky, Mo.Sup., 259 S.W.2d 836, 838.
It has been noted that the only specific reference in the pleadings to any constitutional provision was the averment in the petition that the action of the council had deprived petitioner of his property without due process in violation of the Fifth Amendment to the Constitution of the United States and Art. I, § 10, Mo.Const.1945, V.A.M.S. It seems clear that this is an averment as to the manner in which an ordinance has been construed by the council and is not an averment that the ordinances or any portion thereof are unconstitutional. And this reference is in an averment general in nature and constituting a legal conclusion of the pleader. No facts which would constitute an alleged *672 violation of a constitutional provision are stated. State ex rel. Houser v. St. Louis Union Trust Co., Mo.Sup., 248 S.W.2d 592, 595[3] [4]. It is doubtful, therefore, that the averment noted raised any constitutional question. "(And, if a constitutional question has not been timely and properly raised by a party in the trial court and if the record of the trial court fails to show that the trial court did, in fact, pass on a constitutional question, it is not to be assumed that the trial court passed on such a question. See again City of St. Louis v. Butler Co., supra, wherein this court in deciding a question of appellate jurisdiction disapproved the doctrine of `inherency' of a constitutional question, that is, this court disapproved the doctrine that appellate jurisdiction of a given case may be in this court on the theory that a constitutional question is inherent in the case. See also Phillips Pipe Line Co. v. Brandstetter, 363 Mo. ___, 254 S.W.2d 636; State ex rel. Houser v. St. Louis Union Trust Co., supra.)" Cirese v. Spitcaufsky, supra, 259 S.W.2d 836, 838.
But if it be assumed that plaintiff did raise a constitutional question in his petition and that the trial court did rule such question, plaintiff failed, in his motion for new trial, to sufficiently assign any error of the trial court in ruling such question and thereby failed to preserve any such alleged error for our review. The only statements in the motion for new trial which could pertain to any constitutional question have been set forth. No specific reference to an article or section of any constitutional provision has been made therein; the statements are of a general nature; and do not preserve any issue involving a construction of any constitutional provision. A constitutional question must be "kept alive" in a motion for new trial to give this court jurisdiction on the ground that a constitutional question is involved. Red School Dist. No. 1 v. West Alton School Dist. No. 2, Mo.Sup., 159 S.W.2d 676, 677[1, 2]; City of St. Louis v. Butler Co., 358 Mo. 1221, 1227[4], 219 S.W.2d 372, 376[5, 6].
Furthermore, appellant's brief discloses that the first three points, above set forth, develop this argument: Under the state law and city ordinances, properly construed, appellant is entitled to the license he sought; and thus, if the city ordinances are correctly construed, they are not unconstitutional or invalid; but as construed and applied appellant has been deprived of the use of his property without due process. We have held that such a contention does not raise a question of whether the ordinance is constitutional so as to give this court jurisdiction. "To raise that question, the contention must be that the law is unconstitutional whatever it means and under any construction of which it is susceptible." Moyer v. Orek Coal Co., Mo.Sup., 78 S.W.2d 107, 108; Superior Press Brick Co. v. City of St. Louis, Mo.Sup., 152 S.W.2d 178, 183[4-6]; Hayes v. Hayes, Mo.Sup., 153 S.W.2d 1, 6[5-8]. If the fourth point in appellant's brief does raise the constitutionality of Section 1163 of the city's zoning ordinances, that question, as noted heretofore, was not properly preserved in the motion for new trial and may not be raised on appeal so as to give this court jurisdiction.
The cause is transferred to the Kansas City Court of Appeals.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.