Joseph COHEN, Margaret Cohen, Louis Cohen, Bella Cohen, Harry Sircus, Ann Sircus, Leo Pollock, Adele Pollock, E. R. Klein, Fay Klein, and Josephine M. Goldberg, and Commerce Trust Company, Co-trustees of Charles E. Milens Trust, Appellants,

v.

Hugh R. ENNIS, Thomas C. Bourke, David W. Childs, Clair H. Schroeder, and Luther Willis, members of and constituting the Board of Zoning Adjustment of Kansas City, Missouri, Kansas City, Missouri, a municipal corporation, and Continental Baking Company, Inc., Respondents.

No. 46087.

Supreme Court of Missouri, Division No. 2.

Jan. 13, 1958.

Philip L. Levi, Solbert M. Wasserstrom, Kansas City, for appellants.

Benj. M. Powers, City Counselor, Guy W. Rice, Asst. City Counselor, Kansas City, for respondents, Kansas City, Missouri, and Board of Zoning Adjustment.

Fred Bellemere, Sr., and Fred Bellemere, Jr., Kansas City, for respondent, Continental Baking Co., Inc.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of Jackson County affirming the order of the Board of Zoning Adjustment of Kansas City, Missouri, hereafter referred to as the "Board," granting to Continental Baking Company, hereafter referred to as "Continental," a permit to construct and use an access driveway. The appellants are owners of neighboring property who claim to be adversely affected.

Continental operates a bakery on the corner of 30th and Troost streets in Kansas City in an area zoned as C-3. Immediately behind and to the east of its building it

owns two lots which front on Forest Avenue and are in an area zoned as R-4. On November 25, 1955, pursuant to Section 58-17 of the zoning ordinances of Kansas City, Continental filed an application with the Board for permission to establish and maintain a driveway over the two lots to obtain a means of access for delivery trucks to the rear of its building. Section 58-17 provides, in part, that a driveway to provide access to premises in a district zoned as C-3 shall not be permitted in a district zoned as R-4 "except upon approval by the Board of Zoning Adjustment after a public hearing, when an undue hardship can be shown and the driveway will not adversely affect the use of neighboring property."

A hearing was held on December 27, 1955, at which appellants appeared with counsel and opposed the application. The evidence presented by Continental was to the effect that the existing means of entry for trucks to its building was difficult and resulted in a traffic problem on 30th Street. During the course of the hearing several members of the Board indicated that in view of the traffic situation it would be better to have a "turn around" on the lots so that the necessary maneuvering of the trucks to enter the building could take place on the lots instead of in the street. The application was amended accordingly.

On January 10, 1956, the Board granted the application, as amended, and notice of this action was given to Continental but not to appellants. On March 21, 1956, appellants filed their petition in the Circuit Court of Jackson County to review the Board's decision. Continental and the Board each filed motions to dismiss the petition because it was not filed within thirty days as provided by Section 89.110 RSMo 1949, V.A.M.S., and by Section 58-27 of the zoning ordinances of Kansas City. These motions were overruled, and after a hearing in which written briefs were submitted and the issues were argued orally to the court, judgment was entered affirming the order of the Board. It is from that judgment that appellants have appealed after their motion for new trial was overruled.

If this court has jurisdiction of this appeal it is only for the reason that this is a case "involving the construction of the Constitution of the United States or of this state." V.A.M.S. Art. V, Sec. 3, Constitution of Missouri. Appellants' brief contains two points which purport to deal with constitutional questions.

■ Appellants contend that the procedure before the Board is governed by the Administrative Procedure Act, Chapter 536 RSMo 1949, V.A.M.S., and that their petition was timely because pursuant to Section 536.110 they had thirty days within which to file their petition for review in the circuit court after notice to them of the Board's decision. They then contend that the judgment of the circuit court cannot be upheld on the ground that their petition was not filed within the time prescribed by Section 89.110 RSMo 1949, V.A.M.S., and Section 58-27 of the zoning ordinances of Kansas City, because said sections are unconstitutional. The substance of these contentions is that *if* their petition had been dismissed by the circuit court and they had been denied the right to obtain review of the Board's decision because their petition was not filed within the time prescribed by said Section 89.110 and Section 58-27, their rights would have been violated because said sections are unconstitutional. But this is not what occurred. They filed their petition for review in the circuit court; that court refused to dismiss it for the asserted reason that it was not filed in time; and they were then afforded the review of the Board's decision by the circuit court to which they contend they were entitled. The circuit court then entered judgment that "the decision of the Board of Zoning Adjustment should be affirmed." The judgment of the circuit court was adverse to appellants' position on the merits,

but the action of the circuit court on their contention that they were entitled to have a review on the merits was favorable to them, and they obtained that review.

■ Before the jurisdiction of this court can be invoked upon the ground that a constitutional question is involved within the meaning of Art. V, Sec. 3, Constitution of Missouri, "the party who asserts such question must be able to show that he claimed, in the trial court, some constitutional right which was denied him, or that a constitutional question was ruled to his own disadvantage in his adversary's favor." Killian v. Brith Sholom Congregation, Mo. App., 154 S.W.2d 387, 393. See also Superior Press Brick Co. v. City of St. Louis, Mo.Sup., 152 S.W.2d 178; Nelson v. Watkinson, Mo.Sup., 260 S.W.2d 1; State ex rel. Town of Olivette v. American Telephone & Telegraph Co., Mo.Sup., 273 S.W. 2d 286; Hanlon v. Pulitzer Publishing Co., 167 Mo. 121, 66 S.W. 940; Lux v. Milwaukee Mechanics' Insurance Co., Mo., 285 S.W. 424. It is not sufficient to say that although the circuit court refused to dismiss the petition for review, if it had been done so on the basis that it was not timely filed, it would have been error because said Section 89.110 and Section 58–27 are unconstitutional.

Appellants next contend that the "Board's order impaired their property without due process of law in violation of Article I, Section 10 of the Missouri Constitution and Amendment XIV to the Constitution of the United States." When we turn to the argument portion of their brief, we find that appellants make the following contentions: (1) The Board made its order when there was no evidence showing a lack of adverse effect on the neighboring properties; (2) the order is contradictory to all the evidence; (3) and the board made no finding on the issue of adverse effect on the neighboring property, but the trial court "acted as if there had been [such] a finding." It is then argued that "such a result is so shockingly unfair that it cannot constitute due process of law," and "such result upon such process of reasoning denies any effective court review in flat contradiction to the mandate of Article V, Section 22 of the Missouri Constitution, which provides that all administrative orders 'shall be subject to direct review by the courts' and that such review 'shall include the determination * * * whether the same are supported by competent and substantial evidence upon the whole record.'"

■ This does not raise a constitutional question in the sense necessary for our appellate jurisdiction. The mere assertion that a constitutional question is involved does not of itself raise such a question within the meaning of Art. V, Section 3, Constitution of Missouri. Nelson v. Watkinson, Mo.Sup., 260 S.W.2d 1. What appellants are actually contending is that the judgment of the circuit court is erroneous because it affirmed the decision of the Board which is not supported by competent and substantial evidence upon the whole record and is not supported by necessary findings of fact. If these contentions are correct, they are matters which are correctible on appeal to the proper court of appeals. See McClard v. Morrison, Mo. Sup., 273 S.W.2d 225; Nelson v. Watkinson, supra; Wolf v. Hartford Fire Ins. Co., 304 Mo. 459, 263 S.W. 846; Finley v. Finley, Mo.Sup., 165 S.W.2d 417.

No constitutional question within the meaning of Art. V, Section 3, Constitution of Missouri, is presented by this appeal. No other basis for invoking the jurisdiction of this court is urged, and we find none in our examination of the record. Therefore, this case is transferred to the Kansas City Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.