COMMUNITY FIRE PROTECTION DIS-
TRICT OF ST. LOUIS COUNTY, a
Municipal Corporation, Appellant,

v.

BOARD OF EDUCATION OF PATTON-
VILLE CONSOLIDATED SCHOOL
DISTRICT R–3, Respondent,

St. Louis County, Missouri, Amicus Curiae.

No. 46378.

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

T. Douglas Moore, Clayton, for Com-
munity Fire Protection Dist. of St. Louis
County, plaintiff-appellant.

Norman C. Parker, St. Louis, for re-
spondent.

William B. Kline, St. Louis County Coun-
selor, Herbert C. Funke, Asst. County
Counselor, Clayton, for amicus curiae.

STOCKARD, Commissioner.

This case involves the question of whether the Pattonville Consolidated School District R-3, in constructing a new school building, must comply with certain ordinances of the Community Fire Protection District of St. Louis County. The trial court held that it did not, and the Fire District has appealed.

For the reasons subsequently stated we conclude that this court does not have jurisdiction of this appeal. A brief statement of the facts and the contentions of the parties is deemed advisable to present more clearly the basis for this conclusion.

Appellant is a Fire Protection District duly organized pursuant to Chapter 321 RSMo 1949, V.A.M.S. It has enacted certain ordinances which purport to prescribe minimum requirements for buildings constructed within its boundaries pertaining to fire prevention. Respondent is a consolidated school district duly organized pursuant to Chapter 165 RSMo 1949, V.A.M.S., and it is constructing, or is preparing to construct, an addition to one of its school buildings located within the territorial boundaries of the Fire District. The Fire District contends that the plans and specifications for the new school building do not meet the minimum requirements of its ordinance, and it seeks to enjoin the School District from constructing the school building without complying therewith. The School District denies that its plans and specifications do not meet the minimum requirements of the ordinance, and it also contends that it has the right to construct its school building "in accordance with standards accepted by it in the reasonable exercise of its own discretion." It alleged in its answer that its "right to establish and maintain public schools is derived from the Missouri Constitution of 1945, Article IX, section 1(a) and any judgment for plaintiff would be in violation thereof." In its memorandum opinion the trial court made no reference to the above constitutional provision except to state that "As to the authority in our case, we find

that the Constitution (Article 9, Section 1-a) creates the public school system; * * *."

■ This court does not have the right or power to decide cases of which it does not have jurisdiction, Robinson v. Nick, 345 Mo. 305, 134 S.W.2d 112 [2], and if it has jurisdiction of this appeal it is only for the reason that this is a case "involving the construction of the Constitution * * * of this state." Article V, Section 3, Constitution of Missouri. Vol. 2, V.A.M.S.. No other ground is urged, and upon our examination of the record we find no other.

Appellant asserts that this court has jurisdiction of this appeal because the respondent School District contends that Article IX, Section 1(a), Constitution of Missouri, clothes it with exclusive authority to establish and maintain public schools. Apparently this has reference to the previously quoted allegation in respondent's answer. The said provision of the Constitution, in its parts material here, is as follows: "A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law."

■ The Legislature has implemented the above constitutional provision by enacting Chapter 165 RSMo 1949, V.A.M.S., pertaining to the establishment of school districts. By Chapter 321 it has authorized the establishment of fire protection districts. In these two chapters the Legislature has set forth the authority and duties of appellant Fire District and respondent School District. There is no contention that any alleged statutory authority of either is in violation of the constitution, and there is no contention that the ordinances of the Fire District are invalid for any constitutional reason. Therefore, the determination of the issues on this appeal requires no more than a construction of the

 

applicable statutory provisions, and this does not vest this court with appellate jurisdiction. State ex rel. Heppe v. Zilafro, Mo.Sup., 206 S.W.2d 496 [1]; Phillips Pipe Line Co. v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636 [2].

▪ The substance of respondent's contention is that the cited provision of the constitution grants to the Legislature the authority and duty to provide for a public school system, and that in implementing this constitutional provision the Legislature has authorized the organization of school districts, including respondent, and granted to them certain powers, duties and authority; and that if these statutes pertaining to school districts and the statutes pertaining to the authority of fire districts, are construed in a certain way, that is, contrary to respondent's contention, then such a construction would conflict with Article IX, Section 1(a), Constitution of Missouri. It has repeatedly been held that the contention that a statute would conflict with a constitutional provision if construed in a certain way does not vest this court with appellate jurisdiction. State ex rel. Volker v. Kirby, 345 Mo. 801, 136 S.W.2d 319 [5]; Phillips Pipe Line Co. v. Brandstetter, supra [4]; State ex rel. Thompson v. Roberts, Mo.Sup., 264 S.W.2d 314 [2].

▪▪ The mere assertion by one party that a constitutional question is involved does not necessarily make it so, but as frequently stated, in order to invest this court with appellate jurisdiction the constitutional question must be real and substantial, and not merely colorable. Young v. Brassfield, Mo.Sup., 223 S.W.2d 491 [1]; Cohen v. Ennis, Mo.Sup., 308 S.W.2d 669 [3], 672. We note also that it is the respondent here who purports to raise the constitutional question, and the ruling of the trial court was in its favor. It has repeatedly been held that "Before the jurisdiction of this court can be invoked upon the ground that a constitutional question is involved within the meaning of Art. V, Sec. 3, Constitution of Missouri, 'the party who asserts such question must be able to show that he

claimed, in the trial court, some constitutional right which was denied him, or that a constitutional question was ruled to his own disadvantage in his adversary's favor.' " Cohen v. Ennis, supra [2]. See also the cases there cited.

▪ The real and basic question on this appeal is to whom under the facts of this case, as between the School District and the Fire District, has the Legislature granted the authority to determine the minimum standards for fire prevention and fire protection in the construction of the school building. This calls only for a construction of the applicable statutes. This court has no jurisdiction of this appeal, and it is for that reason transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.