The STATE of Missouri at the Relation of William H. DANIELS and Kathryn Daniels, Respondents,

v.

Walter A. KASTEN, as Mayor of the City of Jackson, Missouri, et al., Appellants.

No. 49585.

Supreme Court of Missouri, Division No. 1.

June 4, 1963.

Buerkle & Lowes, Jackson, by Albert C. Lowes, Jackson & Thomasson, Cape Girardeau, by Donald P. Thomasson, of counsel, for appellants.

Finch, Finch & Knehans, James A. Finch, Jr., Cape Girardeau, for respondents.

HOLLINGSWORTH, Judge.

Respondents (plaintiffs) are the owners of Lot 10 in the City of Jackson, a city of the fourth class in Cape Girardeau County, Missouri. Appellants (defendants) are, respectively, the mayor, members of the board of aldermen, city clerk and building inspector of said city. Following trial of the issues joined in this cause, which we hereinafter outline, the court rendered judgment making peremptory its priorly issued alternative writ of mandamus ordering appellants to issue to respondents a building permit for the construction of an addition to an existing building on said lot or to show cause why they should not so do. Appellants appealed to this court from the final judgment so rendered on grounds that jurisdiction of said appeal was vested in this court because it involved "the validity of ordinances of a city of the fourth class and one of said ordinances was held invalid by the trial court under Supreme Court, en banc, decision in Hays v. City of Poplar Bluff (1915), 263 Mo. 516, 173 S.W. 676, L.R.A.1915D, 595, which held an ordinance invalid for constitutional reasons under which is now Article III, Sec. 40, which prohibits the passing of any local or special law. The holding of Ordinance of (sic) 1570 invalid under the above decision raised a constitutional question and jurisdiction is in the Supreme Court."

Respondents have not questioned our jurisdiction, but if it appears that jurisdiction is not here vested under the provisions of Article V, § 3, of the Constitution of Missouri, V.A.M.S., it is our duty, of our own motion, to transfer the appeal to the proper court of appeals. Section 477.080 RSMo 1959, V.A.M.S.

Briefly stated, the admitted facts material to the question of our jurisdiction show that respondents sought a permit to construct an addition to an existing building owned by them and situate on Lot 10, which addition, among other purposes, was to be used by respondents for the slaughter of animals for food. The appellants refused to issue the permit on grounds to the extent here material: (1) that the permit sought by respondents was violative of the provisions of Paragraph 2 of the city's ordinance No. 1570, which requires as a condition precedent to the issuance of a building permit in the defined residential district in which Lot No. 10 is situate that the written consent of a three-fourths majority of all property owners in said district be first obtained and submitted to the board of aldermen, with which condition respondents failed and refused to comply; and (2) that city's ordinance No. 79 made it a misdemeanor for any person to establish or maintain a regular slaughter house within the corporate limits of the city.

In their petition for mandamus, respondents alleged, as to issues material to determination of our jurisdiction, that the provisions of Par. 2 of ordinance No. 1570 constituted an unlawful delegation of the powers granted by law to the city and was void; and that ordinance No. 79, for the same reason, was beyond the power of the city to enact and was void. Following issuance by the trial court of its alternative writ of mandamus, appellants filed answer in which they alleged, as to said issues, that Par. 2 of ordinance No. 1570 was a valid utilization of the inherent police power of the city to regulate the reasonable location of business houses in residential areas; and that ordinance No. 79 was a valid exercise of both the inherent and statutory police pow-

er of the city. Respondents' reply reaffirmed the contentions set forth in their petition.

Upon trial of these issues the trial court found that Par. 2 of ordinance No. 1570 was *invalid* under the holding of this court in the case of Hays v. City of Poplar Bluff, 263 Mo. 516, 173 S.W. 676, L.R.A.1915D, 595; and that ordinance No. 79 was *invalid* under the holding of the St. Louis Court of Appeals in the case of State ex rel. Jack Frost Abattoirs, Inc. v. Steinbach, 274 S.W. 2d 588. Judgment was accordingly rendered making the writ peremptory and ordering issuance of the permit sought by respondents.

Appellants' motion for new trial asserted, as to these issues, that the court erred in holding Par. 2 of ordinance No. 1570 invalid for reasons:

"(a) That it was within the legislative powers delegated to the city by statute or charter.

"(b) It does not violate the fundamental principal inherent in our constitutional system, in that when a municipality seeks to regulate the rights of property, it must do so by rule applicable to all and cannot make the enjoyment of the same depend upon the arbitrary will or caprice of the municipal legislature.

"(c) That the requirements of Ordinance 1570, requiring ¾ consent of the property owners does not amount to a delegation of legislative power of the city to property owners in the area."

The motion for new trial also asserted that the trial court further erred in holding ordinance No. 79 invalid because, appellants contended, the city did have statutory and inherent power to regulate, prohibit, suppress and abate slaughter houses.

At no place in the pleadings or judgment of the court is the constitutionality or unconstitutionality of either of these ordinances mentioned or ruled. Respondents' brief on appeal makes no charge of unconstitutionality of either ordinance or any portion thereof. Appellants' brief on appeal asserts only that the court erred in holding ordinance No. 1570 invalid, saying "that it does not violate the fundamental principle inherent in our constitutional system in that when a municipality seeks to regulate the rights of property, it must do so by rule applicable to all and cannot make the enjoyment of the same depend upon the arbitrary will or caprice of the municipal legislature."

 Further discussion of the grounds asserted by appellants as vesting jurisdiction of the issues presented on this appeal is unnecessary. No contention was pleaded or asserted nor did the court rule the issues above discussed upon ground of their constitutionality or unconstitutionality. No question involving construction of the constitution of either the United States or the State of Missouri is presented. This court is, therefore, without jurisdiction of this appeal under Article V, § 3, of the Constitution of Missouri defining the constitutional limits of our jurisdiction. See Phillips Pipe Line Company v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669, 670–672; Cohen v. Ennis, Mo., 308 S.W.2d 669, 672; Community Fire Protection District of St. Louis County v. Board of Education of Pattonville Consolidated School District R–3, Mo., 312 S.W.2d 75, 76–77. The case cited by appellants, Hays v. City of Poplar Bluff, 263 Mo. 516, 173 S.W. 676, L.R.A.1915D, 595, in no wise supports appellants' contention that the decision therein rendered vests jurisdiction of this appeal in this court.

The cause is therefore ordered transferred to the St. Louis Court of Appeals.

All concur.