**STATE of Missouri ex rel. Marion P. BEELER, Appellant,**

v.

**The CITY OF RAYTOWN, Missouri, a Municipal Corporation, et al., Respondents.**

No. 53816.

Supreme Court of Missouri, Division No. 2.

April 14, 1969.

Preston H. Longino, St. Joseph, for appellant.

John C. Russell, Raytown, for respondents.

STOCKARD, Commissioner.

Relator-Appellant has appealed from the judgment of the Circuit Court of Jackson County denying his petition for a writ of mandamus.

No evidence was introduced, and by agreement the case was decided "on the pleadings" on the basis that they "set forth all the facts necessary for a determination of this case." Exhibit A to relator's pleadings is a copy of Ordinance 105 of the City of Raytown, and it is "a part thereof." Civil Rule 55.14, V.A.M.R. However, we note that in respondents' brief reference is made to, and an appendix to the brief contains, other ordinances. They comprise no part of the record on appeal.

Relator alleged that he was elected City Marshal of Raytown, Missouri, a city of the Fourth class, and assumed the duties of that office on April 11, 1967. On the same date he "became Chief of Police" and "head of the Police Department of said City." Ordinance 105 of the City of Raytown was enacted on April 30, 1963. It provided, among other things, for periods of vacation for "Department heads and employees," depending on length of service, and it also provided that "Any employee who is entitled to vacation time as herein set forth * * * shall have the option of continuing in his employ for all or any part of said period with regular compensation therefor in addition to compensation due and payable by reason of said vacation time accrued." In 1965 and in 1966, during a previous term to which relator had been elected City Marshal, the city had paid him for vacation time which he had not taken, but in October 1967, respondents failed and refused to pay to him $675 due by reason of exercising his option to work during the period of vacation time accrued to him.

Respondents alleged in their reply that relator's annual salary was fixed by ordinance at $10,300, and that that sum had been paid him for the year 1967; that § 79.-270 RSMo 1959, V.A.M.S. "expressly forbids the Board of Aldermen from increasing the salary of any officer during the term of office for which he is elected;" that in the budget for the "fiscal year 1966 and 1967" no provision was made for the relator to receive compensation if he desired to work his vacation time, and that all money "allocated to the relator's department head was paid out to him in salary prior to the month of October 1967;" and that "it is the feeling" of respondents that by reason of § 79.270, Ordinance 105 is invalid "in that it increases the compensation of an elected official during his term of office if he elects to work during his vacation and receive additional compensation therefor."

We are first faced with the issue of whether this court has jurisdiction of this appeal, and since jurisdiction may not be conferred by consent, Mack v. Mack, Mo., 281 S.W.2d 872, 873, we must determine this issue even though not raised by either party. State ex rel. Daniels v. Kasten, Mo., 368 S.W.2d 429, 430.

The amount involved is $675, and appellate jurisdiction is not in this court by reason of the amount in dispute. Also, a municipality is not a political subdivision of the state for the purpose of determining the appellate jurisdiction of this court. Kansas City v. National Engineering & Mfg. Co., Mo., 265 S.W.2d 384; State ex rel. Thompson v. Roberts, Mo., 264 S.W.2d 314. If jurisdiction is in this court it is solely on the basis that it is a case "involving the construction of the Constitution of * * * this state." Art. V, § 3, Constitution of Missouri, V.A.M.S.

There was no pleading before the trial court in which it was alleged or contended that Ordinance 105 violated any provision of the Constitution of Missouri, and the trial judge did not by its judgment purport to rule any constitutional question. Its judgment was "that relator's contention is unsound and is not justified," and that the writ of mandamus previously issued be quashed.

The first mention of a possible constitutional question is in some "Suggestions" to the trial court filed *after* the entry of the judgment. "The burden is upon [a party] asserting appellate jurisdiction in this court because a constitutional issue is involved to affirmatively establish of record our jurisdiction over the appeal." State ex rel. and to Use of Markwell v. Colt, 355 Mo. 55, 194 S.W.2d 1021. "Suggestions" to a trial court, whether written or oral, made after entry of judgment cannot establish such record. Although respondents contend in their brief to this court that Ordinance 105 is "unconstitutional," a constitutional question for the purpose of vesting jurisdiction in this court

cannot first be presented on appeal. Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, certiorari denied 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704.

We conclude that appellate jurisdiction of this case is not in this court, and it is transferred to the Kansas City Court of Appeals.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, Acting P. J., MORGAN, J., and MEYER, Special Judge, concur.

FINCH, P. J., not sitting.